UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
CO. and GEICO CASUALTY CO.,**

    Plaintiffs,
v.                                                     **Case No. 8:20-cv-802-KKM-AAS**

**LUIS MERCED, M.D., et al.,**

    Defendants.
_____/

## ORDER

The Right Spinal Clinic, Inc. (Right Spinal) asks the court to overrule GEICO's[1] objections to two requests for production and two interrogatories and to compel GEICO to produce responsive documents and amend its interrogatory answers. (Doc. 183).[2] Right Spinal's motion to compel is **DENIED.**

---

[1] The plaintiffs are Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company. The court will use GEICO collectively to refer to all the plaintiffs.

[2] Right Spinal's motion could have been denied for failure to comply with the Middle District of Florida's Local Rules because of the motion's font size. *See* Local Rule 1.08(a)-(b), M.D. Fla. However, the court will address the merits of the motion. But as a reminder, the revisions to the Middle District of Florida's Local Rules took effect on February 1, 2021. *See Local Rules*, https://www.flmd.uscourts.gov/local-rules.

1

I. **BACKGROUND**

GEICO sues Right Spinal for civil RICO violations, violation of the Florida Deceptive and Unfair Trade Practices Act, violation of the Florida Civil Remedies for Criminal Practices Act, common law fraud, and unjust enrichment. (Doc. 99). GEICO moves to recover over $1,600,000 it has already paid on fraudulent billing submitted by Right Spinal and other co-defendants. (*Id.* at p. 39). Right Spinal moves to dismiss GEICO's amended complaint and to strike allegations in that amended complaint. (Docs. 114, 115). This court entered a case management scheduling order. (Doc. 101).

Right Spinal served GEICO with interrogatories and requests for production. (*See* Doc. 183). GEICO timely served its answers to Right Spinal's interrogatories and requests for production. (*See* Doc. 184, p. 3 n.3). After conferring with GEICO, Right Spinal moves for the court to overrule GEICO's objections to two requests for production and two interrogatories and to compel GEICO to provide full and complete answers. (Doc. 183). GEICO opposes Right Spinal's motion. (Doc. 184).

II. **LEGAL STANDARD**

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of*

*Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

### III.  ANALYSIS

Right Spinal asks the court to overrule GEICO's objections to two requests for production and two interrogatories. (Doc. 183). Although the discovery requests are similar, the discovery requests apply separately to two individuals, Rene Cubas and Victoria Spring (GEICO's corporate designee).

For Mr. Cubas, Right Spinal propounded one interrogatory and one request for production.

> **Request for Production No. 1:** Please provide copies of any and all transcripts of sworn testimony provided by Rene Cubas.
>
> **RESPONSE:** GEICO objects to this document request on the basis of overbreadth, and that it seeks materials that are not relevant or

3

> proportional to the needs of this case. In particular, it is altogether unclear how "any and all transcripts of sworn testimony provided by Rene Cubas" have any bearing on any viable claims or defenses in this action.
>
> **Interrogatory No. 1:** Please identify by caption, court, and case number every litigation in which Rene Cubas provided sworn testimony.
>
> **RESPONSE:** GEICO objects to this interrogatory in that it is overly broad, seeks information that is not relevant to the claims or defenses in this action and that it is not proportional to the needs of this case, and therefore is unduly burdensome. In particular, it is altogether unclear why the identity of the "caption, court, and case number" of "every litigation" in which Rene Cubas provided sworn testimony has any bearing on the claims or defenses in this case.

(Doc. 183, pp. 2–3). Right Spinal states Mr. Cubas is GEICO's SIU Field Manager in Florida who oversaw and directed GEICO's investigation here and other investigations that led to other lawsuits identical to this one. (*Id.* at p. 4).

For Ms. Spring, GEICO's corporate designee, Right Spinal propounded one interrogatory and one request for production.

> **Request for Production No. 2:** Please provide copies of any and all transcripts of sworn testimony provided by your corporate designee identified in response to Right Spinal's Notice of Deposition pursuant to Rule 30(b)(6).
>
> **RESPONSE:** GEICO objects to this document request on the basis of overbreadth, and that it seeks materials that are not relevant or proportional to the needs of this case. In particular, it is altogether unclear how "any and all transcripts of sworn testimony" provided

4

> by GEICO's Rule 30(b)(6) corporate designee have any bearing on any viable claims or defenses in this action.
>
> **Interrogatory No. 2:** Please identify by caption, court, and case number every litigation in which your corporate designee identified in response to Right Spinal's Notice of Deposition pursuant to Rule 30(b)(6) provided sworn testimony.
>
> **RESPONSE:** GEICO objects to this interrogatory in that it is overly broad, seeks information that is not relevant to the claims or defenses in this action and that it is not proportional to the needs of this case, and therefore is unduly burdensome. In particular, it is altogether unclear why the identity of the "caption, court, and case number" of "every litigation" in which GEICO's Rule 30(b)(6) corporate designee provided sworn testimony has any bearing on the claims or defenses in this case.

(Doc. 183, pp. 2–3). Right Spinal proffers Ms. Spring was previously deposed as GEICO's corporate designee in another Florida federal case in which GEICO made claims virtually identical to GEICO's claims against Right Spinal. (*Id.* at p. 3). Right Spinal appears to rest on this single fact to justify these broad discovery requests.

Right Spinal fails to meet its burden to show how these requests are relevant and proportional to the needs of this case. Instead, Right Spinal simply identifies the two individuals and that it wants this discovery for possible impeachment purposes.[3] As far as relevance, the requests broadly

---

[3] "Even though impeachment-related information is discoverable, it is not without its limits. *See Burns v. Phillips*, 50 F.RD. 187, 188 (N.D. Ga. 1970)

seek "any and all transcripts" and the identity of "every litigation" without temporal limitation or if the witness's testimony or the litigation even concerned GEICO, much less the types of claims GEICO makes in this case.

Further, even assuming Right Spinal's requests were more narrowly tailored in an effort to make the relevance of the requests facially evident as opposed to a blatant fishing expedition, Right Spinal does not address a single one of Rule 26(b)(1)'s considerations for proportionality. Consideration of those factors undermines any arguable claim of proportionality. Prior testimony by these GEICO witnesses has minimal, if any, importance to resolving the issues in *this* litigation. To the extent this prior testimony would possibly reveal useful impeachment material, the burden and expense to GEICO of having to go back through all of its litigation files to comply with such facially overbroad discovery requests greatly outweighs any speculative impeachment use to Right Spinal. At bottom, each request as drafted is an overbroad request with no concern for whether the information or documents sought is relevant or proportional to the needs of this case.

## IV. CONCLUSION

Right Spinal's motion to overrule GEICO's objections and to compel discovery responses from GEICO (Doc. 183) is **DENIED.**

**ORDERED** in Tampa, Florida on April 14, 2021.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge