UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
CO. and GEICO CASUALTY CO.,

    Plaintiffs,
v.                                            Case No. 8:20-cv-802-KKM-AAS

LUIS MERCED, M.D., et al.,

    Defendants.
_____/

## ORDER

GEICO[1] moves to compel the depositions of Dr. Luis Merced and Dr. Kendrick Eugene Duldulao. (Doc. 187). GEICO's motion to compel depositions is **GRANTED**.

## I.    BACKGROUND

GEICO sues the defendants[2] for civil RICO violations, violation of the

---

[1] The plaintiffs are Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company. The court will use GEICO collectively to refer to all the plaintiffs.

[2] The defendants are Ronald Robiner, Ana Reyes, Bay Area Health & Rehabilitation, Inc., Walter Diaz, Carlos Barreto Figueroa, The Right Spinal Clinic, Inc., Yunied Mora-Jimenez, Dr. Duldulao, Dr. Victor Silva, Stephen Diamantides, Yulieta Perez Rodriquez, Alexis Garcia-Gamez, Mignelis Velez Sosa, Park Place Therapy, LLC, Jose Lopez, Tatiana Gonzalez, Fernandez, Therapy Center of Tampa, LLC, Luis Rodriquez, Ivette Uloa, Maria Ramos, Caribe Health Center, Inc. Ana Dominquez,

1

Florida Deceptive and Unfair Trade Practices Act, violation of the Florida Civil Remedies for Criminal Practices Act, common law fraud, and unjust enrichment. (Doc. 99). GEICO moves to recover over $1,600,000 it has already paid on fraudulent billing submitted by the defendants. (*Id.* at p. 39). The defendants move to dismiss GEICO's amended complaint. (Docs. 114, 115, 116, 117, 155). This court entered a case management scheduling order. (Doc. 101).

GEICO settled with some defendants. (*See* Docs. 45, 157, 161, 176, 203). After settlements and clerk's defaults,[3] the remaining defendants are The Right Spinal Clinic, Inc. (Right Spinal), Yunied Mora-Jimenez, Dr. Duldulao, Dr. Victor Silva, Stephen Diamantides, Yulieta Perez Rodriquez, Alexis Garcia-Gamez, and Mignelis Velez Sosa. The court granted two requests to extend the case management deadlines. (Docs. 178, 198). For GEICO's motion, the current discovery deadline is set for July 16, 2021. (Doc. 198).

GEICO now moves to compel the depositions of Drs. Merced and Duldulao. (Doc. 187). Despite being properly noticed and on agreed upon dates, GEICO states Drs. Merced's and Duldulao's depositions did not occur because of last minute attempts by the defendants to not have the depositions take

---

Dr. Merced, and Aisha Chirino.

[3] Because they failed to answer GEICO's complaint, Clerk's default has been entered against these defendants: Ana Reyes, Bay Area Health & Rehabilitation, Inc., Walter Diaz, and Carlos Barreto Figueroa. (*See* Docs. 91, 92 148, 149).

place. (*Id.* at pp. 4–9). GEICO argues Dr. Duldulao's assertion he would need to invoke his Fifth Amendment right to not incriminate himself provides no basis for him to unilaterally refuse to appear for a deposition. (*Id.* at pp. 10–12). GEICO argues Dr. Merced's conclusory and unsupported claims of mental incompetency provide no basis for him to refuse to participate in a deposition. (*Id.* at pp. 12–15).

Under seal,[4] the defendants argue Drs. Merced and Duldulao are not trying to avoid the depositions, but asked GEICO for more time to address on how to proceed because of Drs. Merced's and Duldulao's unique situations. (Doc. 206, p. 2). The defendants state Dr. Merced fell on March 2, 2021 and his son took him to the hospital so doctors could examine Dr. Merced's injuries. (*Id.* at p. 5). The defendants argue when Attorney Kelly Arias went to prepare Dr. Merced for his deposition, she became concerned about his health because of his accident and asked to hold off on the deposition until Dr. Merced was "cleared medically as capable of safely testifying before proceeding." (*Id.* at pp. 6–7). The defendants argue based on Dr. Derrick Dupre's neurological examination of Dr. Merced, Dr. Merced's deposition should be delayed until Dr.

---

[4] The defendants moved to file their response under seal because they needed to provide Dr. Merced's medical records to support their position. (Docs. 196). An April 28, 2021 order granted the unopposed request. (Doc. 199). The defendants then moved to supplement their response and file the amended response under seal. (Doc. 202). A May 17, 2021 order granted the unopposed request. (Doc. 205).

Merced has had more time to recover and to see if the therapies prescribed by Dr. Dupre will help Dr. Merced restore his ability to testify without a concern for competence or safety. (*Id.* at pp. 8–11).

As for Dr. Duldulao, the defendants argue Dr. Duldulao had a minimum role at Right Spinal. (*Id.* at p. 11). The defendants state Dr. Duldulao has a pending criminal appeal of his conviction of conspiring to dispense prescription medication without a legitimate medical purpose. (*Id.* at p. 12). Because Dr. Duldulao's deposition could involve questions related to this pending criminal appeal, the defendants sought to reschedule the deposition with GEICO to give Dr. Duldulao time to address this issue. (*Id.* at pp. 13–14). The defendants argue it would rather resolve the issue on whether Dr. Duldulao would waive his Fifth Amendment privilege before his deposition could proceed. (*Id.* at pp. 15–16).

On reply, GEICO argues the defendants have failed to show that sitting through his own deposition would be dangerous to Dr. Merced's health and that Dr. Merced is not competent to testify. (Doc. 207, pp. 6–7). GEICO asserts Dr. Dupre's notes and recommendations lack specificity and only include conclusory statements about Dr. Merced's health conditions. (*Id.* at pp. 6–8).

## II. LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant

to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

GEICO asks the court to compel Drs. Merced and Duldulao for depositions. (Doc. 187, p. 17). GEICO requests its reasonable attorney's fees and costs incurred in connection with Dr. Duldulao's conduct in refusing to appear for the deposition less than twenty-four hours before it was supposed to happen. (*Id.* at pp. 15–17).

### A. Dr. Merced

GEICO moves to compel Dr. Merced to appear for a deposition. (Doc. 187,

pp. 12–15). The defendants argue that, based on Dr. Merced's current physical and mental condition, Dr. Merced's deposition should occur later (but before the discovery deadline) to allow time for Dr. Merced to recover from his fall. (Doc. 206, pp. 10–11).

Dr. Merced's testimony is relevant because Dr. Merced served as the Medical Director of Right Spinal when the allegations in GEICO's complaint occurred. (*See* Doc. 79). Although the defendants do not ask for a protective order to prevent Dr. Merced's deposition, the defendants argue it would be best if Dr. Merced's deposition occurred later to allow him time to recover from his injuries. (*See* Doc. 206, p. 10). The defendants fail to show Dr. Merced's deposition is unreasonable or unduly burdensome. Although Dr. Merced has endured injuries from his fall, his injury and current medical condition do not make his deposition unduly burdensome.[5] Thus, GEICO's motion to compel Dr. Merced's deposition is granted.

---

[5] If the defendants were seeking a protective order (which they do not), the defendants would need to show "good cause" exists. Fed. R. Civ. P. 26(c)(1). "One of those rare circumstances that may preclude the taking of a deposition altogether is the medical incapacity of a witness to attend and sit through a deposition." *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). A party seeking to prevent a deposition on medical grounds must make a "specific and documented factual showing that the deposition will be dangerous to the deponent's health." *Arnold v. Wausau Underwriters Ins. Co.*, No. 13-60299-CIV, 2013 WL 5488520, at *2 (S.D. Fla. Sept. 30, 2013) (internal quotation omitted). After reviewing Dr. Merced's medical records, the defendants fail to make a specific showing that the deposition would be harmful to Dr. Merced's health.

GEICO also explains Dr. Merced's deposition will occur via videoconference technology from the comfort of his own home. Even though the defendants failed to show that the deposition would be unduly burdensome to Dr. Merced, the court acknowledges Dr. Merced's recent injury and general health and implores the parties to reduce Dr. Merced's stress in connection with the deposition.

B. Dr. Duldulao

GEICO moves to compel Dr. Duldulao to appear for a deposition and also to respond to GEICO's requests for production.[6] (Doc. 187, pp. 11–12). The defendants assert Dr. Duldulao has a pending criminal appeal that GEICO would likely ask about and Dr. Duldulao wants to understand what he should or shouldn't say in terms of his Fifth Amendment Privilege. (Doc. 206, pp. 13–15). Although unclear, the defendants appear to ask whether Dr. Duldulao's testimony would constitute a waiver of his Fifth Amendment privilege. (*Id.* at p. 15).

The Fifth Amendment privilege against self-incrimination "protects a

---

[6] Although GEICO asks for Dr. Duldulao to respond to requests for production, GEICO does not provide any detail about when the discovery was served or when it was due. However, Dr. Duldulao cannot impose a blanket objection to requests for production based on the Fifth Amendment. Instead, Dr. Duldulao can assert the privilege, if applicable, to any particular discovery request to which it is warranted. *See Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1371 (S.D. Fla. 2012).

person . . . against being incriminated by his own compelled testimonial communications." *Fisher v. United States,* 425 U.S. 391, 409 (1976). The privilege may be asserted "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Kastigar v. United States,* 406 U.S. 441, 445 (1972). However, "[i]t is well established that a person may not make a blanket objection to testifying or producing records, based on her Fifth Amendment privilege, but instead, must invoke the privilege question by question or request by request." *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1371 (S.D. Fla. 2012); *see also United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1970)[7] ("[E]ven if the danger of self-incrimination is great, [the defendant's] remedy is not to voice a blanket refusal to produce his records or to testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense.").

Dr. Duldulao's testimony is relevant because Dr. Duldulao remains a defendant and he has a connection, although small, to Right Spinal. Additionally, Dr. Duldulao's hesitancy to testify because of possible waiver of his Fifth Amendment privilege is not enough to show the discovery is

---

[7] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

8

unreasonable or unduly burdensome. Dr. Duldulao must appear at a properly noticed deposition and answer questions posed to him. If Dr. Duldulao's Fifth Amendment privilege applies to any deposition questions, Dr. Duldulao can assert that privilege to the specific question.[8] Thus, GEICO's motion to compel Dr. Duldulao to appear for a deposition is granted.

As for the defendants' inquiry whether his testimony waives his Fifth Amendment rights, that question is not properly before this court. A response to a motion is not the appropriate place to request relief. *See* Local Rule 3.01(b), M.D. Fla.

C. **Request for Attorney's Fees**

GEICO requests its reasonable attorney's fees and costs incurred in connection with Dr. Duldulao's conduct in refusing to appear for the deposition.[9] (Doc. 187, pp. 15–17).

Under Rule 37, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the [non-moving] party . . . to pay the movant's reasonable expenses incurred in making the motion,

---

[8] If issues arise about Dr. Duldulao's invocation of the Fifth Amendment after Dr. Duldulao testifies or provides discovery, the court can then address each assertion of privilege "on a question-by-question basis." *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991).

[9] GEICO does not request attorney's fees and costs incurred in connection with the postponement of Dr. Merced's deposition.

including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order this payment if (1) the moving party filed the motion before attempting in good faith to obtain the discovery; (2) "the opposing party's nondisclosure, response, objection was substantially justified," or (3) other circumstances would make the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Because the court grants GEICO's motion, Rule 37 requires an award of fees. But after hearing from the defendants on why attorney's fees and costs should not be awarded, the court finds an award of attorney's fees and costs would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Although Dr. Duldulao's hesitancy to testify at a deposition because of his Fifth Amendment privilege leans towards a blanket objection, the defendants explain Dr. Duldulao does not object to testifying but wants to ensure he does not waive his Fifth Amendment privilege by doing so. The defendants also explain how Dr. Duldulao is trying to address this issue so that he can testify. Thus, these other circumstances make an award of attorney's fees and costs unjust.

**IV. CONCLUSION**

Thus, the following is **ORDERED:**

1. GEICO's motion to compel the deposition of Drs. Merced and Duldulao (Doc. 187) is **GRANTED.**

    a. Dr. Merced shall appear for a deposition with GEICO on a

   date coordinated by the parties. GEICO must provide Dr. Merced with at least **fourteen (14) days'** notice of the deposition. To account for his health issues and to reduce any unnecessary travel and stress on Dr. Merced, Dr. Merced's deposition must occur via videoconference technology.

  b. Dr. Duldulao shall appear for a deposition with GEICO on a date coordinated by the parties. GEICO must provide Dr. Duldulao with at least **fourteen (14) days'** notice of the deposition.

2. GEICO's request for attorney's fees and costs incurred in connection with Dr. Duldulao's deposition is **DENIED.**

**ORDERED** in Tampa, Florida on June 4, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge