**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL
INSURANCE CO. and GEICO
CASUALTY CO.,

    Plaintiffs,

v.                                                                        Case No: 8:20-cv-0802-KKM-AAS

LUIS MERCED, M.D., et al.,

    Defendants.
_____/

## ORDER

Defendants The Right Spinal Clinic, Inc., Yunied Mora-Jimenez, Victor Silva, M.D., Stephen Diamantides, D.C., Yulieta Perez Rodriguez L.M.T., Alexis Garcia-Gamez L.M.T., and Mignelis Veliz Sosa L.M.T., move to strike allegations in Plaintiffs' amended complaint. (Doc. 115). In their response in opposition to the motion, Plaintiffs argue that the motion should be denied because Defendants fail to show how any portion of the amended complaint is immaterial or impertinent. (Doc. 123 at 4). The Court agrees and denies Defendants' motion.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline

1

litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, No. 6:08-cv-305-ORL-19KRS, 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008) (quotation omitted). "It is not intended to procure the dismissal of all or part of a complaint." *Id.* (quotation omitted). Because a motion to strike is a drastic remedy disfavored by courts, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012).

In their motion, Defendants identify nineteen portions of the amended complaint and argue that those portions should be struck as immaterial and/or impertinent. (Doc. 115 at 3–7). In their response in opposition, Plaintiffs argue that Defendants' motion should be denied because Defendants fail "to identify any allegations in the [a]mended [c]omplaint that have no possible relationship to the controversy, may confuse the issues, or may otherwise prejudice a party" and "make no cogent legal argument at all regarding their motion to strike, despite the fact that it was their burden to do so." (Doc. 123 at 4). The Court agrees. In its motion, Defendant argues, in a conclusory fashion, only that the identified portions of the amended complaint "are immaterial and impertinent and therefore impermissibly prejudicial to the claims alleged." (Doc. 115 at 2). Defendants fail to explain how those portions of the amended complaint are immaterial or impertinent, and indeed, as Plaintiffs observe,

2

Defendants largely take issue with the style and wording of the amended complaint. *See* (Doc. 123 at 6).

For example, Defendants request that the Court strike references to Defendant Merced's motivation for serving as a purportedly faux medical director at certain medical clinics as immaterial and/or impertinent. *See, e.g.*, (Doc. 115 at 4–5) (asking that the Court strike paragraph 17 of the amended complaint—which alleged that "Merced was receptive to the Clinic Owner Defendants' respective offers because his relatively advanced age, delayed Florida licensure, and limited credentials made it difficult for him to obtain legitimate, sufficiently-remunerative employment as a physician"—as impertinent; paragraph 19 of the amended complaint—which alleged that "Merced . . . was . . . approximately 53 years old"—as immaterial; paragraph 20—which alleged that "Merced was also receptive to the Clinic Owner Defendants' respective offers because of financial distress"—as immaterial and impertinent; and paragraph 22—which alleged that "Merced and his wife were subject to a . . . federal tax lien"—as immaterial). Plaintiffs argue that all of these allegations are included to "describe the reasons why Merced was amenable to being the medical director of five medical clinics engaging in pervasive PIP fraud." (Doc. 123 at 5).

Other allegations that Defendants seek to strike are relevant to Plaintiffs' allegations regarding fraud—either its existence or pervasiveness—which relates to Plaintiffs' RICO claims (which require Plaintiffs to prove a pattern of racketeering activity, among other elements), common law fraud claims, and claims under the Florida

3

Deceptive and Unfair Trade Practices Act (FDUTPA). *See, e.g.*, (Doc. 115 at 3, 5–7) (requesting that the Court strike the reference to "and other insurers" in paragraph 4 of the amended complaint; the reference to Merced as the "Clinic Defendants' fake 'medical director'" in paragraph 29 of the amended complaint; the reference to physical therapy services being performed "to the extent that they were performed at all" in paragraph 42 of the amended complaint; the reference to certain examinations being "purportedly provided" in paragraph 47 of the amended complaint; the reference to the insureds' injuries, to the extent that they "suffered any injuries at all" in paragraph 73 of the amended complaint; and the reference to a "phony follow-up exam" in paragraph 83 of the amended complaint).

Considering Plaintiffs' numerous claims that center around fraudulent conduct and Rule 9(b)'s heightened pleading requirement when alleging fraud, the portions of the amended complaint that Defendants identify in its motion are not impertinent or immaterial to Plaintiffs' claims. Accordingly, it is **ORDERED** that Defendants' motion to strike allegations from Plaintiffs' amended complaint is **DENIED**. (Doc. 115).

**ORDERED** in Tampa, Florida, on June 14, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge