UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE CO. and GEICO CASUALTY CO.,**

    **Plaintiff,**

v.                                  **Case No. 8:20-cv-802-KKM-AAS**

**LUIS MERCED, M.D., et al.,**

    **Defendant.**
_____/

## ORDER

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., and GEICO General Insurance Company (collectively, GEICO) move for leave to redact or file under seal portions of Dr. Matthew Shatzer's deposition transcript. (Doc. 226). Defendants Luis Merced, M.D., et al. oppose the request to seal the entirety of Dr. Shatzer's deposition transcript, but will accept a partial redaction of Dr. Shatzer's transcript. (Doc. 227).

This court possesses both authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The decision on whether to seal records lies with this court, not the parties, and the decision must balance the public's common law right of access with a party's interest in keeping the information confidential. *Id.* at 597–99. For a pretrial motion that

1

requires judicial resolution on the merits (i.e., a motion for summary judgment or a *Daubert* motion) as opposed to a pretrial motion related to discovery for which sealing orders are more common, the court will only overrule the common law right of access upon a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310–1312 (11th Cir. 2001).

"The 'good cause' standard requires the trial court to 'balance the respective interests of the parties.'" *Sarasota County Public Hospital District v. MultiPlan, Inc.*, 2019 WL 1244963 at *1 (M.D. Fla. March 18, 2019) (*citing Chicago Tribune*, 263 F.3d at 1313). The analysis must consider:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

GEICO's motion demonstrates good cause for redacting the private health information covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) but does not demonstrate good cause for redacting any of Dr. Shatzer's testimony about his financial arrangements with GEICO or its counsel. (Doc. 226). GEICO has failed to adequately explain why good cause justifies sealing or redacting a "general description of the financial relationship which has existed amongst GEICO, its counsel, and Dr.

Shatzer over the course of the past decade" and why protection of this information related to an expert GEICO chose to retain in an action GEICO chose to file is "necessary to preserve the legitimate privacy interests of GEICO's business relationship with Dr. Shatzer." (Doc. 226, 227). Though this information may be a sensitive subject for GEICO, its counsel, and Dr. Shatzer, nothing indicates that good cause justifies shielding this information from the public. *See Alilin v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 10844232 at *2 (M.D. Fla. July 24, 2015) (noting the financial relationship between legal counsel and expert witnesses "is generally discoverable and potentially relevant to show an expert's possible bias").

Thus, GEICO's motion to file a confidential exhibit under seal or for redaction (Doc. 114) is **GRANTED in part and DENIED in part**. Prior to filing Dr. Shatzer's deposition transcript as an exhibit, the defendants must redact from the transcript any private medical information protected by HIPAA, but need not redact any information regarding Dr. Shatzer's financial relationship with GEICO and its counsel.

**ORDERED** in Tampa, Florida on August 20, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3