# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
CO. and GEICO CASUALTY CO.,

    Plaintiff,

v.                                              Case No. 8:20-cv-802-KKM-AAS

LUIS MERCED, M.D., et al.,

    Defendants.
_____/

## ORDER

Plaintiff GEICO moves to compel Defendant Right Spinal Clinic, Inc. (Right Spinal) to answer a single interrogatory about the number of patients Right Spinal treated monthly over a three-and-a-half-year span. (Doc. 225). Right Spinal and seven individual defendants jointly oppose the motion. (Doc. 237).

**I.    BACKGROUND**

On April 7, 2020, GEICO filed a 406-page, 31-count complaint against Right Spinal, its medical director Dr. Merced, other clinics for whom Dr. Merced allegedly was medical director, and other individual defendants. (Doc. 1, p. 4). GEICO amended its complaint on August 14, 2020. (Doc. 99). The court entered a case management and scheduling order on August 18, 2020. (Doc.

1

101). The defendants moved to dismiss the amended complaint. (Doc. 107, 112, 114, 116, 155). Several defendants received stipulated dismissals. (Doc. 158, 162, 177). The court amended the case management order on April 28, 2021, with a new discovery deadline of July 16, 2021. (Doc. 198). A June 14, 2021 order denied the remaining motions to dismiss. (Doc. 210).

GEICO moves this court to compel Right Spinal to answer a single interrogatory: the number of patients the Right Spinal clinic saw every month over a three-and-a-half-year period. (Doc. 225). Right Spinal and the other defendants oppose this motion by claiming the interrogatory was untimely served, the motion to compel was untimely filed, and responding to the interrogatory "would require so much time and effort to figure out the answer to GEICO's interrogatory so as to make it unduly burdensome and disproportional to the needs of this case." (Doc. 237, p. 4). Further, "Right Spinal estimates it would take potentially hundreds of man hours to compile the information necessary to respond to GEICO's interrogatory." (*Id.* at p. 5).

## II.  LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations

omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, Case No. 6:15–cv–1185–Orl–22TBS, 2016 WL 1637277 at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

### III. ANALYSIS

GEICO asks this court to overrule Right Spinal's objections to Interrogatory No. 4 from GEICO's Second Set of Interrogatories. (Doc. 225). The interrogatory and corresponding response states:

> **Interrogatory No. 4**: Identify the number of patients that presented at Right Spinal each and every month from November 1, 2017 through April 2021.
>
> **Right Spinal's Response to Interrogatory No. 4**: The Right Spinal Inc. objects to this interrogatory in that it is overly broad, seeks information that is not relevant to the claim or defenses in this action and that it is not proportional to the needs of this case, and therefore, it is unduly burdensome.

(Doc. 225-1, p. 6).

GEICO asserts this information is necessary to establish its claim that

Dr. Merced failed to conduct the "systematic review" of Right Spinal's billing required of a medical director under Fla. Stat. § 400.9935(1)(g). (Doc. 225, p. 6). While Dr. Merced testified he reviews "between 5–10 of Right Spinal's patient files during each such review," Dr. Merced could not give a precise estimate of how many patients Right Spinal treats every month. (*Id.*). GEICO argues the number of patients treated by Right Spinal each month is "critically relevant" to determining whether the 5–10 patient files Dr. Merced reviews each month constitute a large enough sample of total patient files to qualify as a "systematic review" under Fla. Stat. § 400.9935(1)(g). (*Id.* at 8). GEICO also alleges any objections by Right Spinal should be waived because Right Spinal responded to GEICO's second set of interrogatories 11 days after responses were due under Fed. R. Civ. Pro. 33(a)(b)(2). (*Id.* at 2).

Right Spinal objects to GEICO's interrogatory as irrelevant, overbroad, and unduly burdensome. (Doc. 237). Dr. Merced claims Right Spinal does not in its ordinary business practice maintain a list of prior patients and compiling such a list would "take potentially hundreds of man hours." (*Id.* at 4–5). Right Spinal also argues that GEICO's filing of their second set of interrogatories on June 16, 2021 violates Section I(F) of the Middle District Discovery Handbook. (*Id.* at 7).

The court will address the parties' timing arguments, then address the

4

merits of GEICO's motion and Right Spinal's response.

### A.     Timing of GEICO's Interrogatories and Motion to Compel

The Middle District of Florida's Civil Discovery Handbook states, "[t]he Court follows the rule that the completion date means that all discovery must be completed by that date. For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond before the discovery deadline." Right Spinal argues this statement from the Civil Discovery Handbook renders GEICO's interrogatories and motion to compel moot. (Doc. 237, p. 3). Right Spinal also asserts GEICO's filing of their motion to compel 25 days after the close of the discovery deadline renders the motion moot. (*Id.* at 7).

Both claims are incorrect. Beginning with the relation between GEICO's motion and the Middle District Civil Discovery Handbook, "the introduction to the Middle District Discovery Handbook provides that it is 'neither substantive law nor inflexible rule; it is an expression of generally acceptable discovery practice in the Middle District.'" *Long v. Baker*, Case No. 8:12–cv–1943–MSS–TBM, 2014 WL 12839779 at *1 (M.D. Fla. Nov. 4, 2014) (*citing Kaplan v. Kaplan*, Case No. 2:10–cv–00237–SPC–CM, 2012 WL 1660605 at *2 (M.D. Fla. May 11, 2012)). "Thus, even if the Handbook could be argued to have excused such disclosure in general, the specific Order of the Court in this case would

control." *Id*. The case management order does not include a deadline by which interrogatories must be served. (Doc. 202). GEICO submitted their second set of interrogatories exactly 30 days before the amended discovery deadline. (Doc. 225, p. 2–3). GEICO's interrogatories were therefore timely served and in sufficient compliance with what the Handbook requires.

Turning to GEICO's delay in filing their motion to compel, "the request at issue requires an implicit extension of the discovery period." *Beltway Cap., LLC v. Cmty. Champions Corp.*, Case No. 6:18–cv–2139–PGB–DCI, 2020 WL 1674275 at *2 (M.D. Fla. Jan. 16, 2020). GEICO therefore "must show both good cause and excusable neglect" for the late motion to compel. *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1), 16(b)(4)). "Th[e] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Payne*, 606 F. App'x at 944 (quoting *Advanced Estimating*

6

*Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir.1996)). *See also Scotland Cay, LLC v. American Reliable Insurance Company*, Case No. 0:20–cv–60345–RAR, 2021 WL 799254 at *8 (S.D. Fla. February 12, 2021).

The process leading to GEICO's present motion establishes good cause and excusable neglect for GEICO to file its motion to compel after the discovery deadline. (Doc. 225, p. 2). The single interrogatory at issue in GEICO's motion to compel is the result of testimony by Dr. Merced in his deposition. (*Id.* at p. 7–9). A separate motion to compel Dr. Merced's deposition delayed GEICO deposing Dr. Merced by nearly two months. (Doc. 187, 208). GEICO's motion to compel Dr. Merced's deposition was granted on June 4, 2021. (Doc. 208). GEICO served the interrogatory at issue less than two weeks later (on June 16, 2021, which was approximately a month before the discovery deadline). (Doc. 225, p. 1–2).

Upon receiving Right Spinal's objections,[1] GEICO attempted to informally resolve the matter by meeting and conferring with Right Spinal's counsel twice, on August 2 and August 5, 2021. (*Id.* at 2). After failing to informally resolve Right Spinal's objections to the second set of interrogatories, GEICO promptly moved to compel. (*Id.*). Given GEICO's diligence in the

---

[1] Right Spinal's unjustified 11-day delay in serving its objections further delayed GEICO's ability to file its motion to compel. *See* p. 5.

7

motion practice and conferrals preceding the filing of this motion to compel, the court finds good cause and excusable neglect for GEICO's delay in filing this motion.[2] Fed. R. Civ. P 6(b)(1).

### B.     Timing of Right Spinal's Objections

Federal Rule of Civil Procedure 33(a)(b)(2) requires parties served with interrogatories to provide their responses "within 30 days after being served with the interrogatories" unless otherwise ordered by the court. No court authorized a deviation from this deadline. Therefore, Right Spinal's response was due within 30 days of GEICO's service of the second set of interrogatories. Fed. R. Civ. P 33(a)(b)(2). Because GEICO served the interrogatories on June 16, 2021, Right Spinal's responses were due on July 16, 2021. Instead, Right Spinal did not respond until July 27, 2021.

Right Spinal failed to provide sufficient justification as to why it served its responses to GEICO's second set of interrogatories 11 days late. To the contrary, Right Spinal concedes that its responses were delayed in part because Right Spinal's local counsel went on vacation. (*Id.* at p. 4).

---

[2] The case law cited by Right Spinal in support of its argument on the timeliness of GEICO's motion is unpersuasive. *See Action Nissan, Inc. v. Hyundai Motor Am.*, Case No. 6:18-cv-00380-WWB-EJK, 2020 WL 9173023 at *1 (M.D. Fla. Apr. 7, 2020) (finding untimely a motion to compel filed the day discovery was set to close but challenging responses provided approximately *six months prior*); *Beltway Cap., LLC v. Cmty. Champions Corp.*, Case No. 6:18–cv–2139–PGB–DCI, 2020 WL 1674275 at *2 (M.D. Fla. Jan. 16, 2020) (denying the plaintiff's motion to compel as untimely because it "failed to assert, let alone establish" good cause for granting a motion approximately *three months after* the close of discovery).

"[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Reliance Ins. Co. v. Core Carriers, Inc.*, Case No. 3:06–cv–585–J–20MCR, 2008 WL 2414041 at *2 (M.D. Fla. June 11, 2008). *See Bernath v. Seavey*, Case No. 2:15–cv–358–FtM–99CM, 2016 WL 7013873 at *5 (M.D. Fla. Dec. 1, 2016); *see also Guerra v. Southeastern Freight Lines, Inc.*, Case No. 1:13–cv–22070–JEM, 2014 WL 6770175 at *2 (S.D. Fla. Dec. 1, 2014). Because Right Spinal failed to respond to GEICO's second set of interrogatories in the time prescribed by the rules, it has waived all objections except for privilege or legal protections. *See Perry v. Modern Hometech, Inc.*, 2009 WL 1140121 at *1 (M.D. Fla. Apr. 28, 2009). The court will now examine the substance of GEICO's motion to compel.

### C.   Merits of Motion to Compel

Central to many of GEICO's claims is whether Dr. Merced conducted a "systematic review" of Right Spinal's billing paperwork under Florida Statute § 400.9935. (Doc. 99). The statute in question "does not state exactly how thorough a medical director's systematic review must be," and subsequent developments in case law on this subject have provided no further answers. *Allstate Ins. Co. v. Viscay*, 826 F.3d 1326, 1332 (11th Cir. 2016). GEICO's request for the number of patients seen by Right Spinal monthly during the stated time is therefore highly relevant and narrowly tailored to its claims in

9

this dispute.

As a threshold matter, Right Spinal's boilerplate objection is insufficient on its face. To support its July 27, 2021 objections, Right Spinal had to provide "specific information demonstrating how the request is overly broad and unduly burdensome." *Bank of Mongolia v. M & P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009); *see also Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (holding that "courts should only limit discovery 'based on evidence of the burden involved, not on a mere recitation that the discovery request is unduly burdensome'"). "[O]bjections which fail to sufficiently specify the grounds on which they are based are improper and without merit." *Coleman v. Lennar Corp.*, Case No. 1:18–mc–20182–KMW, 2018 WL 3672251 at * 2 (S.D. Fla. June 14, 2018). Right Spinal's objection to GEICO's interrogatory simply states GEICO's request is "overly broad, seeks information that is not relevant to the claim or defenses in this action and that it is not proportional to the needs of this case, and therefore, it is unduly burdensome." (Doc. 225-1, p. 6). This boilerplate language alone serves as a basis for overruling Right Spinal's objection to GEICO's interrogatory.

Admittedly, Right Spinal now belatedly buttresses its claim of burden through its response to GEICO's motion to compel and an affidavit by Lianny

Jimenez, Right Spinal's records custodian, owner, and manager. (Docs. 237, 237-2). Right Spinal belatedly explains GEICO's request is unduly burdensome because Right Spinal "does not maintain any kind of running global list of the patients it has seen in the months or years they were seen." (Doc. 237-2, p. 1). Right Spinal claims compliance with GEICO's request would therefore require Right Spinal to "employ someone to physically go through every filing cabinet in the office suite, and also scores of boxes maintained in a storage facility" to review patient files. (Doc. 237, p. 4–5). Further, Right Spinal alleges that "large numbers of files were moved from various drawers and boxes" in Right Spinal's office when gathering documents to comply with a previous request from GEICO, and "Right Spinal has not yet had the time (or resources) to catalogue the rearranged locations of these moved files." (*Id.* at 5). Right Spinal claims the sum of these difficulties is that responding to GEICO's interrogatory would "potentially take hundreds of man hours" because Right Spinal has "no remotely efficient way of conducting the search and review necessary to produce a response to GEICO's interrogatory." (*Id.*).

These belated assertions do not establish GEICO's request is unduly burdensome. In determining whether a request is unduly burdensome, courts will examine "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the

11

time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Plouffe v. GEICO Gen. Ins. Co.*, Case No. 1:16–cv–25145–MGC, 2017 WL 7796323 at *1–2 (S.D. Fla. Aug. 8, 2017) (*quoting Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

The sum of these factors weighs in favor of granting GEICO's motion. As discussed, GEICO's interrogatory requests highly relevant, necessary, and particularized information that is narrowly tailored to GEICO's claims. The breadth and depth of the information requested is limited to a finite period and only the monthly patient totals. The period covered by the request represents only "the period of time [Dr.] Merced purported to serve as 'medical director' at Right Spinal." (Doc. 225, p. 7). While Right Spinal may face a burden in complying with GEICO's interrogatory, the balance of interests tilts in favor of GEICO for the purposes of this motion.

### IV.   CONCLUSION

Thus, GEICO's Motion to Compel Discovery (Doc. 225) is **GRANTED**. Right Spinal must answer the interrogatory by **September 30, 2021**. This order does not extend the discovery deadline and only allows for this belated discovery.

**ORDERED** in Tampa, Florida on September 10, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge