UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

v.                                                                                  Case No: 8:20-cv-0802-KKM-ASS

LOUIS MERCED, M.D., et al.,

    Defendants.
_____

## ORDER

The period to add parties or amend pleadings in this action closed on October 16, 2020. (Doc. 101 at 1.) Undeterred, GEICO[1] filed a motion on June 25, 2021, asking this Court to reopen the deadline to amend the pleadings and for leave to file a second amended complaint. (Doc. 211.) GEICO's goal: add Lianny Jimenez-Urdanivia as a defendant. (*Id.* at 1.) GEICO asserts that it did not learn of Jimenez-Urdanivia's central role in the allegedly illegal and fraudulent activities at Right Spinal Clinic until after depositions began in April 2021, due to Defendants' concealment of her role at the clinic. (*Id.* at 3.) Defendants oppose the motion, arguing that GEICO had sufficient information to know

---

[1] While Plaintiffs include Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co., the Court refers to Plaintiffs as GEICO for convenience. (Doc. 211 at 1 (employing the same tactic).)

of her role before GEICO filed suit or certainly after Defendants' discovery and interrogatory responses in October and December 2020. (Doc. 213 at 9.) Because GEICO has adequately shown that, despite its diligence, it did not know of Jimenez-Urdanivia's position as the primary decisionmaker at Right Spinal until at least April 2021 this Court finds good cause to reopen the amendment period and gives GEICO leave to amend.

## I. BACKGROUND

On April 7, 2020, GEICO filed suit against Defendants, including Right Spinal Clinic, Inc., and several of its doctors, officers, and employees. (Doc. 1; Doc. 211 at 2.) GEICO filed an amended complaint on August 14, 2020. (Doc. 99.) GEICO alleges that the Defendants "submitted fraudulent and unlawful no-fault (personal injury protection or 'PIP') insurance billing through Right Spinal to GEICO." (Doc. 211 at 2.) The amended complaint alleges civil racketeering charges under federal and Florida law, common law fraud, unjust enrichment, and multiple counts under the Florida Deceptive and Unfair Trade Practices Act.

In its first complaint, GEICO initially named 25 Defendants who it had reason to believe were involved in the alleged insurance fraud at Right Spinal between August 2017 and January 2020. (Doc. 1.) After two entries of default and eleven stipulations of dismissal, twelve Defendants remain. Though the deadline to add parties or amend the pleadings passed on October 16, 2020, (Doc. 101 at 1), GEICO filed a motion on June 25, 2021,

seeking leave to add one more defendant: Lianny Jimenez-Urdanivia. (Doc. 211 at 1.) For its justification, GEICO asserts that it began to discover that Jimenez-Urdanivia effectively ran Right Spinal from August 2017 to January 2020 when depositions began in April 2021 and did not have confirmation until Right Spinal's corporate representative deposition on June 10, 2021.

As Defendants point out—and GEICO acknowledges—GEICO did have some information about Jimenez-Urdanivia's role at Right Spinal prior to June 2020. (Doc. 213 at 3.) For example, a licensing application document identified Jimenez-Urdanivia as the administrator or managing employee at Right Spinal. (Doc. 211 at 8.) But Right Spinal's corporate filings and clinic licensing paperwork identified Defendant Yunied Mora-Jimenez as the company's president and majority owner. (Doc. 211 at 5.) Those documents did not list any ownership interest or substantial role for Jimenez-Urdanivia between August 2017 and January 2020. (*Id.*) That said, GEICO knew Jimenez-Urdanivia became Right Spinal's president and owner in February 2020. (Doc. 213 at 8.) Since her new role commenced after the period for the allegedly illegal and fraudulent acts at issue in this suit, GEICO did not believe Jimenez-Urdanivia's subsequent ownership interest and position as president implicated her in the prior acts at Right Spinal. So, GEICO did not name her as a defendant in its initial or amended complaints. (Doc. 238 at 2–3.)

Once discovery began, GEICO served interrogatories on September 15, 2020. (Doc. 211 at 6.) Defendants responded on December 16, 2020. (*Id.*) GEICO claims that Defendants' responses "misrepresented and concealed Jimenez-Urdanivia's true role at Right Spinal during the relevant period," (*id.* at 6), hiding "her responsibility for the fraudulent activities at Right Spinal," (*id.* at 3). To support this accusation, GEICO points to Defendants' responses to several interrogatories. For example, in Interrogatory No. 6, GEICO asked Right Spinal to identify everyone it employed and the roles of those employees. (*Id.* at 6.) Right Spinal's response listed no role for Jimenez-Urdanivia during the relevant period. (*Id.* at 7.) GEICO's Interrogatory No. 4 required Right Spinal to name its officers and any individuals with financial interests in Right Spinal. (*Id.*) Right Spinal's response merely stated that Jimenez-Urdanivia became an owner and the president in February 2020. (*Id.*) It said nothing about her status from August 2017 through January 2020. (*Id.*) That said, Right Spinal's response to Interrogatories Nos. 9 and 19 stated that Jimenez-Urdanivia oversaw billing and had a role in hiring decisions. (Doc. 211 at 8; Doc. 213 at 5.) GEICO claims that this mixed account obscured its knowledge of Jimenez-Urdanivia's true role.

However, once depositions began in earnest April 2021, the truth quickly became clear to all. For example, two Right Spinal employees testified on April 28–29, 2021, that they believed Jimenez-Urdanivia had been Right Spinal's owner since 2017. (Doc. 211 at

4

9.) On April 15, 2021, another employee testified that Jimenez-Urdanivia was the boss. (*Id.* at 9–10.) On April 16, 2021, even Mora-Jimenez—the purported president and owner—testified that he knew little about Right Spinal, that no employees reported to him, and Jimenez-Urdanivia ran the business. (*Id.*) Finally, on June 10, 2021, GEICO deposed Right Spinal's corporate representative under Rule 30(b)(6) and learned directly from that representative about the extent of Jimenez-Urdanivia's role in the alleged fraud. (*Id.* at 15.) Accordingly, GEICO claims that it did not fully learn of her position until late April or June of 2021. (*Id.*)

While Defendants oppose GEICO's motion, they do acknowledge that Jimenez-Urdanivia ran the business during the relevant period. (Doc. 213 at 1, 7.) However, Defendants dispute GEICO's claim that her control was secret, saying that this "fact was obviously clear" from Defendants' public documents and interrogatory answers. (Doc. 213 at 7.) GEICO filed its reply on August 27, 2021, disputing Defendants' claims that Jimenez-Urdanivia's role was clear before June 2021. (Doc. 238.) Defendants filed a surreply on August 28, 2021. (Doc. 241.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave," which the "court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see In re Engle Cases*,

5

767 F.3d 1082, 1108 (11th Cir. 2014). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[G]enerally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." *Id.* at 1109 (citation omitted).

But once a court enters a scheduling order with a deadline for amendments, a request to amend a complaint under Rule 15(a) must also meet the more onerous showing of good cause required by Rule 16. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."); *see also* (Doc. 178 at 2 ("[M]otions to amend any pleading . . . after issuance of this [Amended] Case Management and Scheduling Order are disfavored." (emphasis omitted)).)

6

## III. ANALYSIS

For GEICO's motion to succeed, it must first clear the good cause hurdle under Rule 16 and then demonstrate that the Court should permit amendment under Rule 15(a). Despite Defendants' arguments to the contrary, GEICO succeeds under both Rules.

### A. GEICO Has Shown Good Cause to Amend the Scheduling Order

Under Rule 16, a scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quotation omitted). To assess diligence, courts applying *Sosa* consider whether "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (Antoon, J.).

All parties now acknowledge that Jimenez-Urdanivia played a central role at Right Spinal from its formation throughout the relevant period for this action. (Doc. 211 at 8–11; Doc. 213 at 9.) But the parties dispute when GEICO learned of Jimenez-Urdanivia's role at Right Spinal and when GEICO had enough information such that it should have known. Defendants argue GEICO should have known before it filed suit, through

7

Defendants' discovery responses in October 2020, or—at the latest—when Defendants' submitted their interrogatory responses in December 2020. GEICO, meanwhile, argues it could not reasonably have learned before depositions began in April 2021. If GEICO exercised reasonable diligence in seeking information about potential defendants and promptly moved to reopen the amendment period once it learned of Jimenez-Urdanivia's role, GEICO will have satisfied the standard under Rule 16.

### i. GEICO Did Not Unreasonably Fail to Discover Jimenez-Urdanivia's Role Before Suit

Before it filed suit, GEICO had some information on Jimenez-Urdanivia. GEICO knew that she co-owned a residential property with the company president, Yunied Mora-Jimenez. (Doc. 213 at 3–4.) They also co-owned a car. (*Id.* at 4.) Of course, Jimenez-Urdanivia's personal relationship to the purported president of Right Spinal says nothing about her control at Right Spinal or involvement in the purported fraud. GEICO also knew that Jimenez-Urdanivia purchased a financial stake in Right Spinal in February 2020 and became its president. (*Id.* at 7.) But this timeline too says little about what role Jimenez-Urdanivia exercised before February 2020, the relevant period for this action.

GEICO also had access to Right Spinal's April 4, 2019 license renewal that identified Jimenez-Urdanivia as the general manager at Right Spinal who was responsible for preparing the billing submitted to GEICO. (Doc. 213 at 3.) Another document listed Jimenez-Urdanivia as Right Spinal's Chief Financial Officer and Administrator. (Doc. 213

8

at 76.) But this conflicts with the April 4, 2019 document, which identified Mora-Jimenez as the administrator and managing employee, financial officer and person responsible for financial operations, (*id.* at 20), as the sole officer and board member, and as the sole owner, having a 100% financial stake in Right Spinal, (*id.* at 18).

Defendants assert that GEICO should have known from these and other documents that Mora-Jimenez was a puppet ruler, an owner in name only, and that Jimenez-Urdanivia was the true decisionmaker. (Doc. 213 at 2–7.) Instead, GEICO concluded that Jimenez-Urdanivia exercised a ministerial role under the direction of Mora-Jimenez, Right Spinal's president, sole officer, sole board member, and sole shareholder. (Doc. 238 at 2–3.) While GEICO could have drawn the conclusion Defendants suggest, it was reasonable for GEICO to settle on the more likely reading of these documents that Jimenez-Urdanivia had a small role at Right Spinal.

### ii. GEICO Did Not Unreasonably Fail to Discover Jimenez-Urdanivia's Role During Interrogatories

To the extent GEICO had suspicions about Jimenez-Urdanivia's role from its pre-suit investigations or Defendants' initial discovery responses, it sought clarification in the interrogatories it sent to Defendants on September 15, 2020. But the responses it received on December 16, 2020, were not helpful.

GEICO's interrogatories asked pointed questions to uncover any individuals who may have known about or been involved in Right Spinal's allegedly illegal operations. For

9

example, in Interrogatory No. 9, GEICO asked Right Spinal to identify all officers, directors, and individuals with financial interests in the company, along with the roles these individuals played. (Doc. 238-1 at 2.) Right Spinal's response said nothing about Jimenez-Urdanivia's role prior to February 1, 2020. (*Id.*) Instead, it identified Mora-Jimenez as president from July 27, 2017, to January 31, 2020, and Alexis Garica-Gamez as the assistant manager and the minority shareholder from September 2017 to the present. (*Id.* at 3.)

Interrogatory No. 6 asked Right Spinal to identify all employees, along with their job titles, duties, and responsibilities. (Doc. 238-1 at 3.) Right Spinal responded by directing GEICO to a document it filed earlier that did not ascribe any role to Jimenez-Urdanivia during the relevant period.[2] (Doc. 221 at 6–7; Doc. 238 at 3; Doc. 238-2.)

Interrogatory No. 9 asked Right Spinal to identify all persons engaged in creating letters of medical necessity that were mailed to GEICO as part of Right Spinal's alleged fraud. (Doc. 228-1 at 4.) Right Spinal replied that Jimenez-Urdanivia "created bills and mailed all medical documentation, bills, and reports to GEICO." (*Id.*) But it identified other individuals who "determined the medical necessity of the treatment and created the corresponding reports." (*Id.*) The fair import of the above is that Jimenez-Urdanivia had a

---

[2] Defendants address this interrogatory in their response to GEICO's motion to amend, but do not argue that their responses to Interrogatory No. 6 referred to Jimenez-Urdanivia. (Doc. 213 at 9–10.)

ministerial role. Other discovery responses, however, identified Jimenez-Urdanivia as one of the key persons involved in hiring various employees at Right Spinal. (Doc. 213 at 5.)

While there are, particularly in hindsight, hints of Jimenez-Urdanivia's role—for example her hiring power and bill processing duties—these tasks are also explicable as part of a ministerial role. For the most part, Defendants' discovery and interrogatory responses are either unhelpful, conflicting, or far from forthright. Accordingly, GEICO did not know after Defendant's discovery responses that Jimenez-Urdanivia was a key player in the alleged wrongdoing, nor were the conflicting signals clear enough for this Court to say that it should have known, or that it unreasonably failed to discover the fact through a "lack of diligence in pursuing [its] claim." *Sosa*, 133 F.3d at 1419.

### iii. GEICO Learned of Jimenez-Urdanivia's Role During Depositions

GEICO claims that it did not begin to learn that Jimenez-Urdanivia exercised any significant role at Right Spinal until April 9, 2021—the date of the first completed deposition—and did not have the full picture until June 10, 2021—the deposition of Right Spinal's representative. (Doc. 211 at 8–11.) For example, Mora-Jimenez—Right Spinal's purported president and sole owner—testified on April 16, 2021, that he was not involved in decision-making and that Jimenez-Urdanivia was the true decisionmaker and owner. (*Id.*) He also testified that it was Jimenez-Urdanivia's job to run the business and supervise the doctors. (*Id.* at 10.)

Once GEICO realized the truth, it acted swiftly. GEICO contacted counsel for Defendants on June 11, 2021, asking for a time to confer on GEICO's plan to file a motion to amend. (Doc. 211 at 15); *see* Local Rule 3.01(g). "Right Spinal's counsel did not agree to meet and confer under June 17, 2021." (Doc. 211 at 15 n.7.) GEICO filed its motion for leave to amend on June 25, 2020.

In the light of the parties' filings and responses, this Court finds that GEICO has provided good cause to reopen the amendment period because, despite exercising diligence, it could not reasonably have met the October 16, 2020 deadline for amendment. *See Sosa*, 133 F.3d at 1418 ("[The] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (quotation omitted)). GEICO diligently sought information on the people responsible for the alleged fraud before it filed suit, in its discovery requests and interrogatories, and in its deposition questions. Despite its diligence, it was reasonable that GEICO failed to divine Jimenez-Urdanivia's role before the depositions that began in April and lasted through early June 2021. And once it learned the truth, GEICO acted with due haste. Accordingly, GEICO did not "fail[] to ascertain facts," "fail to acquire information available" to it, or delay[] in asking for amendment" once it acquired the information. *Lord*, 223 F. Supp. 2d at 1277.

## B. GEICO Has Satisfied Rule 15's Amendment Standard

Once a movant establishes good cause under Rule 16(b)(4) to amend a scheduling order, a court applies the Rule 15(a) standard governing leave to amend. Courts "should freely give[ leave to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent a compelling reason—"such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

GEICO satisfies this standard. As explained above, GEICO did not exercise undue delay or unreasonably fail to amend earlier. GEICO diligently sought information on possible defendants but was justifiably confused by Right Spinal's paperwork and Defendants' discovery and interrogatory responses. Once GEICO realized that Jimenez-Urdanivia was a key player at Right Spinal, it moved quickly to amend.

Finally, Defendants' have not identified any prejudice that would result from allowing amendment. Defendants allege that amendment is "merely GEICO's latest attempt to manufacture leverage in this case through increased attorney's and litigation expenses." (Doc. 213 at 11.) But Defendants provide no evidence to support their accusation (other than the ordinary expenses that flow from all litigation) and this Court

13

is not convinced that GEICO's motion is mere pretext. Accordingly, since there is no strong reason to deny GEICO's motion to amend, this Court freely grants GEICO leave to amend.

## IV.   CONCLUSION

This Court finds that GEICO established good cause to reopen the amendment period under Rule 16 and satisfied the liberal amendment standard under Rule 15(a). Accordingly, this Court grants GEICO leave to file an amended complaint listing Lianny Jimenez-Urdanivia as a defendant in this action.

Accordingly, the following is **ORDERED:**

1. GEICO's Motion is **GRANTED**. (Doc. 211.) The Court reopens the deadline to file amended pleadings and grants Plaintiff leave to file a second amended complaint naming Lianny Jimenez-Urdanivia as a defendant. GEICO must file its second amended complaint by **September 29, 2021**.

2. GEICO's Motion for Summary Judgment (Doc. 230) is **DENIED without prejudice.** GEICO may refile its motion and include arguments addressing Lianny Jimenez-Urdanivia as a defendant after the Court enters an Amended Case Management and Scheduling Order.

3. The parties are directed to file a joint notice of agreed upon deadlines for reopening discovery, for GEICO to file a renewed Motion for Summary

Judgment, trial-related motions, and a trial term. The joint notice is due no later than **October 1, 2021.**

**ORDERED** in Tampa, Florida, on September 24, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge