UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

    Plaintiffs,

v.                                               Case No: 8:20-cv-0802-KKM-AAS

THE RIGHT SPINAL CLINIC,
INC., et al.,

    Defendants.
_____

## ORDER

Defendants, a medical clinic and several of its doctors and employees,[1] engaged Michael Miscoe to give expert testimony on coding and billing practices for insurance reimbursement under Florida's No-Fault Law. GEICO, which sued the clinic for allegedly submitting fraudulent billing and receiving unwarranted repayment, moves to exclude three opinions from Miscoe's expert report. (Doc. 229.)

Specifically, GEICO seeks to exclude Miscoe's opinion that (1) a mere error on a form is immaterial to GEICO's obligation to pay the claim; (2) that coding insurance

---

[1] The Defendants are The Right Spinal Clinic, Inc., Lianny Jimenez-Urdanivia, Yunied Mora-Jimenez, Kendrick Eugene Duldulao, Victor Silva, Stephen Diamantides, Yulieta Perez Rodriquez, Alexis Garcia-Gamez, and Mignelis Veliz Sosa.

claims is a subjective inquiry; and (3) that GEICO cannot show that Defendants' billing was fraudulent or reckless. The Court agrees with GEICO in part. The Court excludes the first opinion as unreliable and the third as an improper and unhelpful legal conclusion. Miscoe may testify as to his second opinion.

I. BACKGROUND

Florida's Motor Vehicle No-Fault Law requires that automobile insurers provide personal injury protection (PIP) benefits to insureds when they are injured in a motor vehicle accident. *See* §§ 627.730–627.7405, Fla. Stat. Healthcare providers may submit PIP claims directly to insurance companies to receive reimbursement for qualifying medical services. *See Gov't Emps. Ins. Co. v. Quality Diagnostic Health Care, Inc.*, 2021 WL 5157535, at *1 (11th Cir. Nov. 5, 2021) (per curiam). The No-Fault Law requires that providers submit PIP claims on standard forms that are properly completed. *See* § 627.736(5)(d). One such form is the Health Care Financing Administration, or "HCFA-1500," form. Along with other information, the HCFA-1500 form identifies the performing or supervising physician and a current procedural terminology (CPT) code that denotes the treatment provided.

The No-Fault Act creates several exceptions to the insurer's general obligation to pay. For example, a claim is not reimbursable if the provider knowingly made a false

2

statement, exaggerated the extent of the service provided ("upcoding"[2]), or did not properly complete the billing form. *See* § 627.736(5)(b), (d), Fla. Stat. The provider must also comply with the Clinic Act, which requires that medical clinics appoint a medical director to oversee the clinic's operations. *See Gov't Emps. Ins. Co. v. Mas*, No. 19-21183, 2020 WL 9604436, at *1 (S.D. Fla. Mar. 31, 2020) (citing § 400.9935, Fla. Stat.).

GEICO's operative Complaint alleges that The Right Spinal Clinic and several of its doctors, officers, and employees submitted fraudulent insurance charges to GEICO for reimbursement. (Doc. 249 ¶¶ 1–2.) According to GEICO, these PIP charges were not reimbursable because Right Spinal did not comply with the Clinic Act and violated the No-Fault Law.

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 governs expert testimony. The Rule permits a qualified witness to give opinions as an expert, provided that the opinions have a sufficient basis in facts or data, are derived from reliable principles or methods, and are helpful to the jury. *See* Fed. R. Evid. 702. Because "expert testimony may be assigned talismanic significance in the eyes of lay jurors," the "courts must take care to weigh the value of such evidence against its potential to mislead or confuse." *United States v. Frazier*, 387 F.3d

---

[2] Upcoding is as "an action that submits a billing code that would result in payment greater in amount than would be paid using a billing code that accurately describes the services performed." § 627.732(14), Fla. Stat.

3

1244, 1263 (11th Cir. 2004). Thus, federal courts are the "gatekeepers" of expert testimony, screening out unreliable opinions. *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 n.13 (1993)).

The inquiry simplifies into three "basic requirements—qualification, reliability, and helpfulness." *Frazier*, 387 F.3d at 1260. The proponent of the expert's opinion must establish that (1) the expert is qualified, (2) his methods are reliable, and (3) his testimony assists the trier of fact by applying specialized expertise. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998); *Fraizer*, 387 F.3d at 1260.

### III. ANALYSIS

GEICO alleges that it was not legally obligated to pay the PIP insurance charges that Right Spinal submitted on its HCFA-1500 forms. Two of GEICO's asserted justifications are relevant here. First, GEICO claims that the forms falsely reported that Dr. Luis Merced performed or supervised the services. Second, GEICO claims that Defendants upcoded the PIP charges, nullifying GEICO's obligation to pay.

Defendants hired Michael Miscoe to give expert testimony on coding and billing practices for patient examinations. GEICO does not dispute Miscoe's qualifications or his extensive experience with coding and regulatory compliance. (Doc. 229-1 at 1; Doc. 243-1.) GEICO moves to exclude three of Miscoe's opinions based on their reliability and helpfulness to the jury. (Doc. 229.)

### A. Miscoe's Opinion That Right Spinal's Claim Errors are Immaterial

Box 31 of a HCFA-1500 form requires the provider to identify the name of the doctor who performed or supervised the services. Miscoe submits that entering the wrong doctor's name in box 31 would not alter GEICO's obligation to pay for PIP benefits.

For purposes of his opinion, Miscoe makes several assumptions. (Doc. 229-1 at 3.) Miscoe assumes that the patients and injuries were covered under the insurance plan; that the services were related to covered injuries; that the services were performed and were consistent with the CPT codes on the claim forms; that a licensed doctor was always present to supervise the services; and that the performing provider was licensed. (*Id.*)

In sum, Miscoe assumes that Right Spinal's claim forms were perfect, except as to box 31, which identifies the doctor's name. Under Miscoe's assumptions, box 31 contains the wrong doctor's name, but a doctor was present to supervise the services. So, again, the error with Right Spinal's claims or practices in this hypothetical is that the form only inadvertently names the wrong doctor. It is Miscoe's opinion that, in this situation, GEICO would be obliged to pay the bills and the amount of the bills would be unchanged.

GEICO objects to this opinion on two grounds. First, GEICO argues that Miscoe's opinion is a legal conclusion that should be excluded because it is not helpful to the jury. Second, it presses for exclusion because the opinion lacks a proper basis and is unreliable.

### 1. Miscoe's Opinion is Not an Improper Legal Conclusion

An expert may not offer an ultimate legal conclusion. *See United States v. Delatorre*, 308 F. App'x 380, 383 (11th Cir. 2009) (per curiam); *accord Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005). But "whether challenged testimony is either an admissible factual opinion or an inadmissible legal conclusion is not always easy to perceive." *Hanson v. Waller*, 888 F.2d 806, 811 (11th Cir. 1989). That said, an expert may not give an opinion that trespasses on a court's providence to declare the law, *see Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013); *Freund v. Butterworth*, 165 F.3d 839, 863 n.34 (11th Cir. 1999), nor on the jury's domain to decide the facts in the light of the law that the court provides, *see Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). But experts may opine on ultimate issues. *See* Fed. R. Evid. 704. If they do, the opinion "must be helpful to the jury and also must be based on adequately explored legal criteria." *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1474 (11th Cir. 1984).

GEICO argues that Miscoe's opinion that an unintentional error on the HCFA-1500 form is "immaterial" to an insurer's obligation to pay is an ultimate legal conclusion that should be excluded. The Court agrees in part.

Miscoe may not opine that a mere error in the doctor's name who supervised the service is "immaterial" to GEICO's obligation to pay PIP benefits under the No-Fault

Law. While Miscoe may testify on what errors are common or are taken seriously in the industry, he may not instruct the jury on what Florida law means when it requires that HCFA-1500 forms be "properly completed in their entirety as to all material provisions." § 627.736(5)(d), Fla. Stat. That is a task for the Court. *See Montgomery*, 898 F.2d at 1541. Nor may he testify on whether a legal standard has been satisfied. *See Cordoves v. Miami-Dade Cnty.*, 104 F. Supp. 3d 1350, 1365 (S.D. Fla. 2015) (Altonaga, J.) (citing *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1212–13 (D.C. Cir. 1997)). That is a task for the jury.

Not only would the opinion be out of Miscoe's purview as an expert, but there is also no basis for that opinion in Miscoe's report. The express basis for Miscoe's opinion that the error is immaterial is only the practical result under the claim correction process. In announcing his opinion, Miscoe simply does not refer to the No-Fault Law or its exceptions to an insurer's obligation to pay PIP benefits. Nor does he "adequately explore[ that] legal criteria." *Haney*, 744 F.2d at 1474.

Defendants disagree. They claim Miscoe relied on Florida's No-Fault Law in reaching his opinion that the error would be immaterial. (Doc. 243 at 5.) They argue that § 627.736(5)(d) requires only a "properly completed" HCFA-1500 form, which in turn means that it must be "substantially complete" in its "material elements." (Doc. 243 at 5 (quoting §§ 627.736(5)(d), 627.732(13), Fla. Stat.).) Substituting one doctor's name for

7

another, Defendants conclude, is a minor error that does not render the claim unpayable. The Court expresses no opinion on Defendants' reading of the statute, but its reading of Miscoe's report is erroneous.[3]

While Miscoe cites § 627.736(5), he does so twenty-six pages before announcing the opinion that Right Spinal's error is immaterial. (Doc. 229-1 at 8, 34.) When he cites it, he quotes a substantial portion of subsection (d). But he does not quote the "properly completed" language Defendants rely upon in attempting to admit his opinion. Nor does he cite to the definitional section from whence Defendants summon the "substantially complete" term. So, whatever the merits of Defendants' argument that GEICO must pay a claim made on a substantially complete form, that is not the basis for Miscoe's opinion. And if it was, it lacked any analysis of the No-Fault Law and thus would not have been founded upon "adequately explored legal criteria." *Haney*, 744 F.2d at 1474. Either way, Miscoe does not support his opinion in his expert report with the No-Fault Law.[4]

---

[3] If Defendants were correct, it would likely be an impermissible legal opinion. *See Morgan v. N. Miss. Med. Ctr., Inc.*, 458 F. Supp. 2d 1341, 1355 n.21 (S.D. Ala. 2006) (Steele, J.) ("It is the function of this Court, not [of an] expert witness, to construe, interpret, and apply [the law] to these facts; therefore, [an] opinion on the strictly legal question of whether the record facts amount to [a statutory] violation is entitled to no weight."); *Day v. Sarasota Drs. Hosp., Inc.*, No. 8:19-cv-1522, 2020 WL 7310757, at *5 (M.D. Fla. Dec. 11, 2020) (Covington, J.) (explaining that expert testimony on whether the No-Fault Law was violated "constitutes an impermissible legal conclusion").

[4] To Defendants' credit, it is true that Miscoe arguably explained his opinion in relation to the No-Fault Act during his deposition. But an expert may not provide a new basis for his opinion in a deposition. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (requiring that an expert's Rule 26 report contain "a complete statement of all opinions the witness will express and the basis and reasons for them"). Thus, "subsequent deposition testimony cannot resuscitate an otherwise deficient expert report." *Jackson v. Johnson & Johnson*, No. 1:11-

8

Instead, Miscoe grounds his opinion in the claim correction process. (Doc. 229-1 at 34.) Despite Miscoe's reference to it in his report and in his deposition, GEICO does not argue that reliance upon the claim correction process results in an improper legal opinion. Accordingly, the Court need not consider whether it is. As presented in his expert report and his deposition, it appears Miscoe's knowledge of the claim correction process comes from his industry knowledge and experience, not from a source of law or interpretation of the No-Fault Act. Since Miscoe's opinion is not based on the No-Fault Act, the Court will not exclude it as an improper legal opinion.

### 2. Miscoe's Opinion is Unreliable

An expert's opinion must be reliable and based on sufficient data. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); Fed. R. Evid. 702(b). Experts relying on experience must explain "how that experience is reliably applied to the facts." *Frazier*, 387 F.3d at 1261 (quotation omitted). The opinion must also be helpful to the jury. *See* Fed. R. Evid. 702. An opinion is often helpful if it explains "matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262. But it does not help the trier of fact if the opinion "offers nothing more than what lawyers for the parties can argue." *Id.* at 1262–63.

---

cv-3903, 2022 WL 110422, at *3 (N.D. Ga. Jan. 12, 2022) (Thrash, J.) (citing *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)).

9

GEICO argues that Miscoe's opinion should be excluded because it is "baseless and unreliable." (Doc. 229 at 10.) GEICO claims that Miscoe failed to support his opinion that mere "administrative claim errors," like a misstatement of the performing or supervising physician, are immaterial. GEICO is correct, partly. Miscoe's opinion is not baseless, but it is unreliable.

Miscoe's opinion is not baseless. Miscoe concludes that an error in the supervising doctor's name would not change GEICO's obligation to pay for the services. Miscoe bases this opinion on the claim correction process. (Doc. 229-1 at 34.) As Miscoe explains in his deposition, an insurer like GEICO may challenge inaccuracies in a provider's claim form for PIP reimbursement. (Doc. 229-2 at 20.) The provider may then correct the form and resubmit it. (*Id.* at 21.) Requiring a provider to resubmit a corrected claim is worth doing only if the amount payable differs between the original claim and corrected form. (*Id.*.)

Under Miscoe's assumptions, the single correction to Right Spinal's form necessary for complete accuracy is to swap Dr. Merced's name for that of another doctor who supervised the services. Otherwise, the forms are correct and payable. Miscoe then explains that "it's not the identity of the provider that changes [the insurer's] obligation to pay." (*Id.* at 16.) That is so because the amount due is determined by the CPT code, not by a characteristic of the doctor. Thus, provided that the correct name is that of a physician (a fact that Miscoe assumes), the amount GEICO owes would not change from the incorrect

10

form to the corrected form. (*Id.* at 21.) Rendering, in Miscoe's words, "that reporting error immaterial," (*id.* at 20), because the claim correction process would take no notice of it.

Miscoe's opinion is unreliable. Miscoe's report references the claim correction process only once. (Doc. 229-1 at 34.) Miscoe asserts that "the mis-identification of the supervising provider is ultimately an immaterial error since *correction of the claims* to identify the correct supervising provider would have no impact on GEICO's obligation to pay." (*Id.* (emphasis added).) The reference is so opaque that neither GEICO nor Defendants mention it expressly in their briefing. During his deposition, Miscoe explains the concept in greater detail. But even there, Miscoe provides no sources to support his explanation of the process or his conclusions on the results it would yield in this case. When pressed for sources or citations at his deposition, Miscoe did not give them. He instead explained that "it's a practical reality." (Doc. 229-2 at 12.)

Without sources or data, the Court cannot "ensur[e] that [his] testimony . . . rests on a reliable foundation." *Daubert*, 509 U.S. at 597. Perhaps Miscoe knows by experience and industry familiarity. If so, Miscoe has not explained "*how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, [or] how that experience is reliably applied to the facts." *Frazier*, 387 F.3d at 1261 (quotation omitted). As is, the Court would simply have to take his word for it. Though GEICO does not challenge Miscoe's qualifications, the Court "must still determine the reliability of the

11

opinion, not merely the qualifications of the expert who offers it." *Kilpatrick*, 613 F.3d at 1336; *see Frazier*, 387 F.3d at 1261 (explaining that reliability is not "established merely by the *ipse dixit* of an admittedly qualified expert"). Since Miscoe provides insufficient foundation to test the reliability of his opinion, the Court excludes it.

### B. Miscoe's Opinion That Coding is Subjective

When Right Spinal submitted HCFA-1500 forms to GEICO it identified the level of treatment it provided the patients using a CPT code. In turn, the CPT code dictates the level of reimbursement due to Right Spinal. GEICO alleges that Right Spinal selected incorrect CPT codes to inflate its reimbursement. The No-Fault Law prohibits such "upcoding" and references several sources that provide standards for coding. *See* § 627.736(5)(d), Fla. Stat.

After reviewing the sources that the statute references, Miscoe opines that the standards are so subjective that coding amounts to "pure guesswork." (Doc. 229-1 at 36.) He claims that the authoritative sources and guidance documents do not sufficiently define key coding terms. Instead, these sources leave a range of permissible codes for any given patient examination. In Miscoe's view, the ambiguity is so great that "no objective and repeatable opinion can be expressed as to whether the level of [patient] services reported was accurate or not." (*Id.*) Without an objective criterion, "GEICO is precluded from objectively demonstrating" that the coding for "any particular encounter was actual[ly]

12

wrong." (*Id.*) GEICO argues that this opinion should be excluded because it is legally inaccurate, would defeat the purpose of the No-Fault Law, and is not helpful to the jury.

1. **Inaccurate Legal Opinion**

Pointing to the language of the No-Fault Law, GEICO asserts that the CPT Assistant Newsletter is an authoritative source that renders the coding process more objective. (Doc. 229 at 13–15.) And GEICO points to caselaw concluding that the CPT Assistant is binding. (*Id.* at 13 (citing *State Farm Mut. Auto. Ins. Co. v. Nu-Best Whiplash Inj. Ctr., Inc.*, No. 09-19125, 2014 WL 12744728, at *4 (Fla. 6th Cir. Ct. Dec. 2, 2014).) Miscoe, meanwhile, submits that the CPT Assistant is, "at best, a secondary source." (Doc. 229-1 at 34.) GEICO argues that Miscoe's view of the CPT Assistant is an incorrect legal opinion that is the basis of his broader opinion that CPT coding is too subjective to allow GEICO to prove that Right Spinal's codes were incorrect. (Doc. 229 at 13–14.)

GEICO is correct that experts "are not permitted to explain to the jury what the applicable legal standards are." *See Cordoves*, 104 F. Supp. 3d at 1364. And the Court expresses no opinion on GEICO's reading of the No-Fault Law. But even if GEICO were also correct that the CPT Assistant is binding, Miscoe's opinion stands. Miscoe opines that, even if the CPT Assistant binds Right Spinal, the coding inquiry still would not be objective. (Doc. 229-1 at 34.) In other words, Miscoe's opinion on authority is independent

13

of his view on subjectivity. Accordingly, even if Miscoe is wrong on the former, it does not change his opinion on the latter.

### 2. Statutory Interpretation

GEICO argues that Miscoe's opinion should be excluded because it "tends to nullify" portions of the No-Fault Statute, specifically the portion that prohibits upcoding. (Doc. 229 at 17.) As a practical matter, GEICO may be correct. But this Court is not aware of any authority suggesting that an expert's opinion may be excluded because it rejects purposivism or violates the superfluity canon of statutory interpretation.

### 3. Helpfulness to the Jury

Finally, GEICO argues that Miscoe's opinion on the subjectivity of coding is not helpful to the jury. Miscoe's position is that, given the lack of objective criteria, "a declaration of error" is "an impossible task." (Doc. 229-1 at 34.) If that's so, GEICO argues, then Miscoe cannot offer an opinion on whether Right Spinal's bills were upcoded, and thus his opinion is not helpful. (Doc. 229 at 18.) GEICO is mistaken.

Miscoe's opinion is helpful to the jury. CPT coding is "complex, voluminous, and subject to expert interpretation." *State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, No. 6:06-cv-1757, 2008 WL 11337326, at *8 (M.D. Fla. Dec. 18, 2008) (Kelly, Mag. J.) (quotation omitted). After reviewing coding manuals and regulatory guidelines in the light of his CPT auditing experience, Miscoe concluded that selecting a CPT code for

14

a treatment session is not a simple task. Nor is it an exact science. Instead, it requires dozens of subjective decisions. For example, a provider selecting a code must decide if an examination was "detailed" or "comprehensive" and if the medical decision was of "low" or "moderate" complexity. (Doc. 229-1 at 36–37.) These terms—and many like them—are difficult to apply in practice.

Of course, an expert may not instruct the jury on what sources are legally binding or on the meaning of statutory terms. *R.W. v. Bd. of Regents of the Univ. Sys. of Ga.*, 114 F. Supp. 3d 1260, 1274 (N.D. Ga. 2015) (May, J.) (explaining that "all witnesses 'are prohibited from testifying as to questions of law regarding the interpretation of a statute, the meaning of terms in a statute, or the legality of conduct'" (quotation omitted)); *accord Cordoves*, 104 F. Supp. 3d at 1364. But Miscoe's experience in coding and CPT auditing equips him to testify on the complexity of applying these terms in a treatment setting and on the practices auditors use to verify CPT codes. *See Thomas v. Auto-Owners Ins. Co.*, No. 1:16-cv-542, 2022 WL 210134, at *6 (M.D. Ala. Jan. 24, 2022) (Huffaker, J.) (explaining that an expert may testify on insurance industry practices and relevant facts, but not as to whether a legal standard has been met). Because the "average juror is not likely to be familiar with the practices and procedures involved in insurance claims handling," *Camacho v. Nationwide Mut. Ins. Co.*, 13 F. Supp. 3d 1343, 1366 (N.D. Ga. 2014) (Totenberg, J.), Miscoe's opinion may help the jury decide if Right Spinal upcoded its CPT

billing, *see Frazier*, 387 F.3d at 1262 (reasoning that expert opinion is helpful if it "concerns matters that are beyond the understanding of the average lay person"). The Court declines to exclude Miscoe's opinion that coding is subjective.

Miscoe's opinion is not immune from criticism. But a "district court's gatekeeper role under *Daubert* 'is not intended to supplant the adversary system or the role of the jury.'" *Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001) (quotation omitted). GEICO may draw out any limitations or errors it sees in his opinion in its briefing and its questioning. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. That said, the Court "will not permit a party to cloak its legal arguments in the garb of an expert witness." *Domercant v. State Farm Fire & Cas. Co.*, No. 1:11-cv-02655, 2013 WL 11904719, at *2 (N.D. Ga. May 15, 2013) (Forrester, J.).

### C. Miscoe's Opinion That GEICO Cannot Prove Fraud

GEICO takes issue with a third opinion. Miscoe says that GEICO cannot prove that Right Spinal acted fraudulently or recklessly in its billing practices because billing is a subjective inquiry. (Doc. 229-1 at 36, 42–43.) GEICO argues that this opinion should be excluded because it is an improper legal conclusion. (Doc. 229 at 19–20.) The Court agrees.

16

Miscoe may testify as to the difficulty of coding and his view that it is a subjective inquiry. However, he may not testify that it is impossible for GEICO to prove its case or what evidence it would need to show that Right Spinal acted fraudulently or with the intent to deceive. *See Clarke v. Healthsouth Corp.*, No. 8:14-cv-778, 2021 WL 129821, at *6 (M.D. Fla. Jan. 14, 2021) (Covington, J.) (excluding expert opinion that a party acted fraudulently as an improper legal opinion).

An expert may testify on ultimate issues. But it must be helpful to the jury. *See Haney*, 744 F.2d at 1474. The Court provides the law to the jury, including the elements of claims and burdens of proof. *See Montgomery*, 898 F.2d at 1541. Duplicative and potentially conflicting instructions would in no way help the jury. *See Camacho*, 13 F. Supp. 3d at 1365 ("An expert may not testify regarding the legal implications of conduct because the court must be the jury's only source of law.").

Once the Court explains the law and the experts testify on the coding process, a "conclusory statement" on an ultimate issue from Miscoe would not help since the "inferences to be drawn from [his] testimony [are] manifest." *Acrement v. S. Pac. Transp. Co.*, 517 F.2d 729, 732 (5th Cir. 1975). It would do no more than "tell the jury what result to reach," *Montgomery*, 898 F.2d at 1541, and "offer[] nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262–63.

17

In sum, Miscoe cannot opine that "GEICO is precluded from objectively demonstrating that the level of [patient] services . . . were fraudulent," or that GEICO cannot show that Right Spinal acted recklessly. (Doc. 229-1 at 36, 43.) Allowing the opinion would undermine the Court's role as the jury's sole source of law and the jury's role as the ultimate factfinders.

IV. **CONCLUSION**

GEICO is correct that Miscoe's first and third opinion should be excluded. The first is unreliable and the third is a legal opinion that would not help the jury. The Court declines to exclude the second opinion, however, because Miscoe's perspective on the subjectivity of coding may prove useful to a jury, provided that it is not expressed as a conclusion on the meaning or application of legal terms.

Accordingly, GEICO's Motion to Exclude Expert Testimony is **GRANTED in part** and **DENIED in part**. (Doc. 229.) Miscoe's opinions are excluded to the extent stated above.

**ORDERED** in Tampa, Florida, on March 11, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

18