**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GOVERNMENT EMPLOYEES
INSURANCE CO. et al.,

    Plaintiffs,

v.                                          Case No: 8:20-cv-0802-KKM-AAS

THE RIGHT SPINAL CLINIC,
INC. et al.,

    Defendants.
_____

## **ORDER**

        Plaintiff GEICO sued Defendants Right Spinal Clinic, Inc., its doctors, licensed massage therapists (LMTs), owner, and manager (collectively Right Spinal) alleging fraudulent and unlawful billing in violation of Florida law. The Court granted partial summary judgment for GEICO on three counts to the extent that those counts were based on physical therapy services because such services were performed by LMTs. Right Spinal moves for this Court to reconsider its summary judgment order, (Doc. 292), or alternatively, to allow them to brief the legal issues upon which the order was based pursuant to Federal Rule of Civil Procedure 56(f). (Doc. 294.) GEICO opposes the motion. (Doc. 295.) The Court denies Right Spinal's requests.

        Relevant to the current motion, this Court denied Right Spinal's motion for summary judgment and granted in part GEICO's summary judgment motion. (Doc.

292.) This Court reasoned that because all physical therapy services for which Right Spinal billed GEICO were performed by LMTs, and thus ineligible for Personal Injury Protection (PIP) reimbursement under Florida's No-Fault law, GEICO was entitled to summary judgment on its unjust enrichment claim for physical therapy treatments. For the same reason, the Court determined that GEICO was entitled to a declaratory judgment on any outstanding bills for physical therapy services. Additionally, the Court determined that GEICO was entitled to summary judgment on its Florida Deceptive and Unfair Trade Practices Act (FDUPTA) claim because Right Spinal engaged in deceptive or unfair trade practices by submitting PIP bills that it was not entitled to reimbursement for. Finally, the Court determined that because at least some of GEICO's claims are meritorious, Right Spinal was not entitled to summary judgment on its Anti-SLAPP claim.

In arriving at these conclusions, the Court noted that Florida's No-Fault law specifically excludes massage therapy from the definition of medical benefit eligible for PIP reimbursement and prohibits LMTs receiving PIP reimbursement. (Doc. 292 at 7.) The Court addressed Right Spinal's argument that LMTs' physical therapy services are reimbursable as long as they are supervised by a licensed physician. It noted that paragraphs (1) and (2) of the No-Fault law, which defines medical benefits eligible for reimbursement to include care "supervised" by a physician, are limited

by paragraph (5), which specifically excludes massage from the definition of medical benefits and LMTs from reimbursement. *See* § 627.736(1)(a)(1), Fla. Stat.

Nonetheless, Right Spinal asks the Court to reconsider its prior decision. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Shackleford v. Sailor's Wharf, Inc.*, 770 F. App'x 447, 451 (11th Cir. 2019) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993).

Right Spinal fails to meet this high standard. Right Spinal simply renews the arguments it has been making since the inception of this action. First, it claims that Florida's No-Fault law allows reimbursement for physical therapy performed by LMTs if the therapy was performed under supervision. (Doc. 294 at 6.) But this is precisely the argument addressed by the Court in its order and there is no reason to readdress it here. (Doc. 292 at 7–8.)

Second, it claims that the Court relied on an incorrect fact in determining that the LMTs "held no other licensure," and that this failure led the Court to misapply the law because the LMTs were authorized to perform the physical therapy as

chiropractor or medical assistants under a physician's supervision. (Doc. 294 at 2.) But in its order, the Court went on to note that, even if the LMTs were able to perform care under a physician's supervision, Right Spinal needed to show that the care was lawfully supervised, and Right Spinal made no attempt at such a showing. (Doc. 292 at 11.) And, as the Court discussed in its prior ruling, such a showing would be challenging under Florida law. (*Id.*) Thus, even if the LMTs were otherwise licensed, Right Spinal made no showing that they were allowed to lawfully perform physical therapy services. Therefore, Right Spinal has failed to show how this potential factual error constitutes a "manifest" error of fact. *See Shackleford*, 770 F. App'x at 451.

Third, Right Spinal claims that the Court's declaratory judgment on the outstanding physical therapy bills was incorrect for the same reasons. Because the Court declines to reconsider its prior ruling on the unjust enrichment claim, it also declines to reconsider this ruling.

Fourth, Right Spinal claims that the Court's grant of summary judgment on the FDUPTA claim is wrong. It argues that because the Court was incorrect in ruling that LMTs' services are not entitled to PIP reimbursement, and because the Court denied summary judgment on whether Merced's supervision of those services was a material fact, a reasonable jury could conclude that Right Spinal "did not make a single material misrepresentation in its bills." (Doc. 294 at 12.) Because the Court

declines to reconsider its determination that the LMTs' services were not eligible for PIP reimbursement, this argument fails. By presenting facially valid bills to GEICO that GEICO was not actually obligated to pay, Right Spinal engaged in a deceptive or unfair practice that caused GEICO actual damages.

Finally, Right Spinal argues that if the Court reconsiders its ruling on the above issues, it should also reconsider its denial of summary judgment on Right Spinal's Anti-SLAPP motion. Because the Court declines to reconsider its ruling on GEICO's summary judgment motion, it also declines to reconsider its ruling here.

Thus, on each point, Right Spinal has failed to demonstrate that the "extraordinary remedy" of reconsideration is warranted. *See Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072.

Alternatively, Right Spinal requests leave to "brief the issue of whether 'incident to' PT services provided by LMTs under direct supervision of a licensed physician are reimbursable" under Rule 56(f). Rule 56(f) provides that the Court may grant summary judgment on grounds not raised by a party "[a]fter giving notice and a reasonable time to respond." Here, Right Spinal claims that the Court, by granting summary judgment based on the fact that the physical therapy services were performed by LMTs, granted summary judgment on grounds not raised by a party. But this ground *was* raised by GEICO, (Doc. 278 at 15–17), and addressed by Right Spinal, (Doc. 283 at 4–5). Therefore, the Court denies Right Spinal's request.

Accordingly, the following is **ORDERED:**

1. Right Spinal's motion for reconsideration, (Doc. 294), of this Court's summary judgment order (Doc. 292), or alternatively, for leave to brief the issue under Rule 56(f) is **DENIED**.

**ORDERED** at Tampa, Florida, on August 15, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Defendant, pro se