UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

    Plaintiffs,

v.                                         Case No.: 8:20-cv-802-KKM-AAS

THE RIGHT SPINAL CLINIC, INC.,
et al.,

    Defendants.
_____/

## ORDER

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, GEICO) moves the court, under Rule 64 of the Federal Rules of Civil Procedure and Florida Statutes § 77.03, to issue a post judgment writ of garnishment against Defendants The Right Spinal Clinic, Inc, Yunied Mora-Jimenez, Alexis Garcia-Gamez, and Lianny Jimenez-Urdanivia (collectively, the Right Spinal Defendants). (Doc. 363).

Under Fed. R. Civ. P. 64, a party is entitled to every remedy that is available under the law of the state where the court is located to seize a person or property in order to satisfy a judgment. In Florida, after a judgment has

1

been obtained, the plaintiff may file a motion for the issuance of a writ of garnishment to collect any debt due to the debtor by a third person. See Fla. Stat. §§ 77.01, 77.03. In addition, under Fla. Stat. § 77.06(2):

> The garnishee shall report in its answer and retain, subject to the provisions of s. 77.19 and subject to disposition as provided in this chapter, any deposit, account, or tangible or intangible personal property in the possession or control of such garnishee; and the answer shall state the name or names and addresses, if known to the garnishee, of the defendant and any other persons having or appearing to have an ownership interest in the involved property.

GEICO filed this action on April 7, 2020 against the Right Spinal Defendants, and their co-defendants. (Doc. 1). On January 21, 2022, GEICO moved for summary judgment against the Right Spinal Defendants. (Doc. 278). On July 6, 2022, the court granted in part GEICO's summary judgment motion. (Doc. 292). On April 27, 2023, based on the summary judgment order, the Clerk of Court entered a final judgment against the Right Spinal Defendants for $690,251.44. (Doc. 350). The judgment remains outstanding and unsatisfied.

According to GEICO, Right Spinal is represented by the Evolution Law Group, P.A. (Garnishee) in numerous county court collections actions. Those actions seek to collect insurance reimbursement from Florida insurers on behalf of Right Spinal. In instances in which Right Spinal receives money as the result of its collection actions, those funds are sent to Right Spinal through their attorney. GEICO states that Evolution Law Group, P.A. maintains a

2

trust account containing the proceeds of these actions.

The Florida Supreme Court had held that attorney "trust accounts are subject to the same provisions of the garnishment statute as any other bank or nonbank garnishee. . ." *See Eagan, P.A. v. First American Holdings, Inc.*, 982 So. 2d 628, 640 (Fla. 2008). "To exempt trust accounts from the garnishment provisions that apply to bank and non-bank garnishees would result in allowing the client a protection in the trust account that he would not have if the funds were in his own account." *Id.* (citations omitted).

GEICO's Motion for Writ of Garnishment (Doc. 363) is **GRANTED**. The Clerk of Court must issue a writ of garnishment to the named garnishee using the form attached to GEICO's motion (Doc. 363-1). GEICO must include with the writ copies of:

      a.    GEICO's Motion for Writ of Garnishment (Doc. 363),
      b.    this Order, and
      c.    the Judgment (Doc. 350).

**ORDERED** in Tampa, Florida on August 14, 2023.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge