## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,**

     **Plaintiffs,**

**v.**                                                     **Case No. 8:20-cv-802-KKM-AAS**

**THE RIGHT SPINAL CLINIC,
INC., et al.,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

     Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., Geico General Insurance Company, and Geico Casualty Co. (collectively, GEICO) request an order determining the entitlement to attorney's fees. (Doc. 424). Defendants The Right Spinal Clinic, Inc., Lianny Jimenez-Urdanivia, Yunied Mora-Jiminez, and Alexis Garcia-Gamez did not respond, and the time has expired. *See* Local Rule 3.01(c), M.D. Fla.[1] For the reasons discussed below, it is **RECOMMENDED** that GEICO's motion for entitlement to attorney's fees (Doc. 424) be **GRANTED**.

---

[1] Because the defendants failed to timely respond to the plaintiffs' motion, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

## I.    BACKGROUND

This case concerns insurance reimbursements for Personal Injury Protection (PIP) benefits. The Right Spinal Clinic, Inc. (Right Spinal) caters to car accident victims. (Doc. 277-1, p. 4). After providing examinations and physical therapy treatments to insured car accident victims, Right Spinal submits bills to GEICO and other Florida insurance companies for PIP benefits reimbursement. (Doc. 275, p. 2; Doc. 272-7, p. 81).

On April 7, 2020, GEIGO filed this action. (Doc. 1). On August 14, 2020, GEICO amended the complaint. (Doc. 99). On December 16, 2020, the court dismissed Defendants Park Place Therapy, L.L.C., Jose Lopez, and Tatiana Gonzalez Fernandez per stipulation by the parties. (Docs. 157, 158). On January 21, 2021, the court dismissed Defendants Therapy Center of Tampa, L.L.C., Luis Rodriguez, Ivette Ulloa, and Maria Ramos per stipulation by the parties. (Docs. 161, 162). On February 16, 2021, the court dismissed Defendants Caribe Health Center, Inc. Ana Dominguez, Aisha Chirino, and Luis Merced per stipulation by the parties. (Docs. 176, 177).

On September 27, 2021, GEICO again amended the complaint. (Doc. 249). Defendants Stephen Diamantides, Kendrick Eugene Duldulao, Alexis Garcia-Gamez, Yunied Mora-Jimenez, Yulieta Perez Rodriguez, Victor

Silva, Mignelis Veliz Sosa, and Right Spinal moved for summary judgment on January 20, 2022. (Doc. 272). GEICO moved for summary judgment against Defendants Right Spinal, Lianny Jimenez-Urdanivia, Yunied Mora-Jimenez, and Alexis Garcia-Gamez on January 21, 2022. (Doc. 278). United States District Judge Kathryn Kimball Mizelle denied the defendants' motion and found GEICO entitled to its reasonable attorney's fees and costs incurred in responding to the defendants' anti-SLAPP claim in their motion for summary judgment. (Doc. 292). Judge Mizelle granted-in-part GEICO's motion for summary judgment as to Count I for declaratory judgment, Count IV for violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), and Count VII for unjust enrichment in the amount of $690,251.44 to the extent each claim was based on physical therapy services specifically. (*Id.*).

On April 10, 2023, the parties filed a notice of settlement. (Doc. 343). Judge Mizelle advised, "[b]ecause the nucleus of this multi-claim and multi-party lawsuit was not resolved by the Court's earlier order granting summary judgment in part to GEICO and because the parties have waited nearly nine months after that ruling, the best way to effectuate the immediate appeal of the Court's earlier order and settle the claims remaining for trial is to move to amend the complaint under Rule 15." (Doc. 344). GEICO then moved to amend the complaint to comply with Judge

Mizelle's order, and Judge Mizelle granted that request. (Docs. 347, 348). GEICO filed the third amended complaint to remove any theories on which Judge Mizelle had not granted summary judgment, and Judge Mizelle entered judgment on the third amended complaint in favor of GEICO against Right Spinal, Alexis Garcia-Gamez, Lianny Jimenez-Urdanivia, Yunied Mora-Jimenez. (Docs. 349, 350). On October 24, 2024, the Eleventh Circuit Court of Appeals affirmed the district court's final judgment entered in favor of GEICO. (Doc. 419). On November 14, 2024, the defendants filed a petition for panel rehearing, which the Eleventh Circuit denied on December 11, 2024.

## II.  ANALYSIS

As an initial matter, a federal court retains jurisdiction over collateral issues—including motions for attorney's fees—after the principal suit has been terminated. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395–96 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending."); *Absolute Activist Value Master Fund, Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021) ("[I]t is clear that even when a voluntary dismissal disposes of an entire action, district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards.").

4

GEICO moves for entitlement of its attorney's fees under Rule 54 of the Federal Rules of Civil Procedure, which provides that a party may move for recovery of its costs, attorney's fees, and related nontaxable expenses, provided an award of such fees is allowed by statute, rule, or other grounds. Fed. R. Civ. P. 54(d)(2). GEICO moves for an award of its reasonable attorney's fees under the statutory provisions of FDUTPA, FLA. STAT. § 501.2105. (Doc. 424, p. 1). GEICO further requests a determination of entitlement to its appellate attorney's fees and costs. (*Id.* at pp. 2, 3). The Eleventh Circuit transferred consideration of entitlement to appellate attorney's fees to this court on February 26, 2025. (Doc. 471).

**Attorney's Fees Under FDUTPA**

Under FDUTPA, a prevailing party is entitled to reasonable attorney's fees in civil litigation arising from a violation of the act. FLA. STAT. § 501.2105(1). Section 501.2105(1) allows the court to award attorney's fees to the prevailing party on FDUTPA claims after judgment is entered and all appeals are exhausted. *Id.* Additionally, "any provision of a statute [. . .] providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal." FLA. STAT. § 59.46. The award of fees under FDUTPA is discretionary. *Victory Int'l (USA), LLC v. Perry Ellis Int'l, Inc.*, No. 08-20395-CIV, 2009 WL 1956236, at *4 (S.D. Fla. July 7, 2009) (citing *Humane Soc. of Broward County,*

5

*Inc. v. Florida Humane Soc.*, 951 So. 2d 966, 968 (Fla. 4th DCA 2007)).

"Federal courts adjudicating state law claims, including claims brought under the court's supplemental jurisdiction, must apply the substantive law of the state along with the procedural law of the federal system." *Shelton v. Schar*, No. 5:17-cv-86-Oc-PGB-PRL, 2018 WL 6261485, at *1 (M.D. Fla. Oct. 18, 2018) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011)). "Statutes allowing for the recovery of attorney's fees generally apply in federal court because they reflect the substantive policy of the state." *Id.* (citing *Horowitch*, 645 F.3d at 1259).

"To be a prevailing party under the FDUTPA, the party must be awarded a favorable judgment on the FDUTPA claim and recover a net judgment in the entire case."[2] *Hetrick v. Ideal Image Dev. Corp.*, No. 8:07-cv-871-T-33TBM, 2011 WL 3566607, at *4 n.3 (M.D. Fla. July 26, 2011) (McCoun, J.) (collecting cases); *see also Chow v. Chak Yam Chau*, 640 F. App'x 834, 838 (11th Cir. 2015) ("[T]o recover attorney's fees in a FDUTPA action, a party must prevail in the

---

[2] The federal standard for "prevailing" requires a party to obtain a material court-ordered change in the legal relationship between the parties. *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) ("In the context of fee-shifting statutes, the Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'") (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). The Eleventh Circuit has found that a "material alteration" occurs in: "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003).

litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including exhaustion of all appeals.") (quoting *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So.3d 362, 368 (Fla. 2013)).

The court granted summary judgment on counts I, IV, and VII in favor of GEICO, which resulted in a net award of $690,251.44 and a finding of a violation of FDUTPA "as to Right Spinal's physical therapy billing." (Doc. 292, pp. 22, 24, 25). GEICO is the prevailing party because it has been "awarded … some relief on the merits of [its] claim." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003); *see also Bluhm v. Wyndham Vacation Ownership, Inc.*, No. 6:19-civ-2300-WWB-LHP, 2024 WL 4381483, at *5 (M.D. Fla. June 25, 2024) (finding "there is no question that [the party . . .] is the prevailing party, as the Court entered summary judgment in [their] favor on all counts [. . .] and later entered final judgment[.]").

Once a party is declared to be the prevailing party, the court may exercise its discretion to determine whether fees are warranted. *Humane Soc. of Broward Cnty., Inc. v. Florida Humane Soc.*, 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007). In exercising this discretion, courts consider the following non-exhaustive factors:

1.    the scope and history of the litigation;

2.    the ability of the opposing party to satisfy an award of fees;

3.    whether an award of fees against the opposing party would deter others from acting in similar circumstances;

4.    the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

5.    whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

6.    whether the defense raised a defense mainly to frustrate or stall;

7.    whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Bluhm*, 2024 WL 4381483, at *6.

First, GEICO argues the history of the litigation entitles it to an award of prevailing party attorney's fees. (Doc. 424, p. 15). GEICO asserts "[Right Spinal's] conduct was often dilatory, wasteful, and vexatious." (Doc. 424, p. 16). Several of Right Spinal's filings were conclusory, lacked proportional relevance, and failed to follow Local Rules (*see* Docs. 188, 195, 209). This resulted in unnecessary contention, which weighs in favor of an award of attorney's fees. *See Tropical Paradise, LLC v. JBSHBM, LLC*, No. 18-CV-60912-BLOOM/VALLE, 2021 WL 2269822, at *6 (S.D. Fla. Apr. 30, 2021).

The second factor is the defendants' ability to pay a fee award. GEICO paid Right Spinal $2,015,882.52 between November 2017 and April 2020. (Doc. 292, p. 4). GEICO argues that Right Spinal's ability to litigate this matter also demonstrates its ability to pay a fee award. (Doc. 424, p. 18). GEICO asserts

8

Right Spinal's disclosures provided in the Fla. R. Civ. P. Form 1.977 fact information sheets indicate substantial assets available to pay a fee award. *Id.* GEICO filed a Notice of Satisfaction of Judgment on February 20, 2025. (Doc. 470). Absent evidence to the contrary, these factors weigh in favor of Right Spinal's ability to pay a fee award. *See Blue Green Vacations Unlimited v. Timeshare Laws, P.A.*, No. 20-cv-24681-SCOLA/GOODMAN, 2024 WL 3738890, at *7 (S.D. Fla. July 18, 2024); *see also Tropical Paradise Resorts*, 2021 WL 2269822, at *7.

The third factor is whether an award of fees would deter others from submitting "facially valid bills" to insurers for which the insurer has "the statutory right to deny." (Doc. 292, pp. 24, 25). Right Spinal violated the No Fault Law when it submitted bills for services that were not compensable under a plain reading of the statute and falsely represented that a doctor performed or directly supervised every treatment. (*See* Doc. 292, p. 24). FDUTPA depends on the encouragement of "private enforcement," which is possible through the imposition of attorney's fees to prevailing parties as a deterrent to violations. *See Standard Guarantee Insurance Co. v. Quanstrom*, 555 So. 2d 828, 832 (Fla. 1990). An award of attorney's fees will function as a deterrent.

The fourth and fifth *Humane Society* factors "focus on the merits of the parties' litigation position, including the degree of the opposing party's

culpability or bad faith and whether the claim was frivolous, unreasonable, or groundless." *Tropical Paradise Resorts*, 2021 WL 2269822, at *8. The sixth *Humane Society* factor is whether a defense was raised mainly to frustrate or stall. *Id.* GEICO's FDUTPA claim was reasonable, where Right Spinal violated the No Fault Law's prohibition of billing for licensed massage therapists and submitted facially valid bills that GEICO was not obligated to pay. (Doc. 292, pp. 24–25). Right Spinal persistently advocated a "supervision exception" that lacked any legal authority or substance. Given that GEICO's FDUTPA claim (count IV) was meritorious, and Right Spinal's argument lacked both legal authority and substance, factors four, five, and six weigh in favor of a fee award. (*Id.* at p. 9).

The seventh *Humane Society* factor is whether the claim resolved a significant legal question under FDUTPA. *Id.* A significant legal question might be considered one that has not been resolved by federal or state courts in the past. *Id.* This claim does not resolve a significant legal question under FDUTPA. Federal courts frequently adjudicate fraudulent conduct in the context of billing for PIP benefits. Entitlement is not recommended on the basis of the seventh factor. Overall, however, the *Humane Society* factors support entitlement to attorney's fees.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that GEICO's motion for attorney's

fees (Doc. 424) be **GRANTED**, with the amount of the fees to be determined separately.

      **ENTERED** in Tampa, Florida on May 15, 2025.

_AMANDA ARNOLD SANSONE_
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of
this report to file written objections to this report's proposed findings and
recommendations or to seek an extension of the fourteen-day deadline to file
written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to
object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right
to challenge on appeal the district court's order adopting this report's
unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.